IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CRAIG MICHAEL BINGERT, ISAAC STEVE STURGEON, and TAYLOR JAMES JOHNATAKIS,<br><br>Defendants. | Case No.: 1:21-cr-00091-RCL |

GOVERNMENT'S RESPONSE IN
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits its Response in Opposition to Defendant Craig Bingert's Motion to Dismiss Counts 4, 5, 6, 7, and 8 of the Superseding Indictment (Dkt. Entry 87) which was joined by Defendant Isaac Sturgeon (Dkt. Entry 90). Defendants contend that these charges are multiplicitous. However, as described in greater detail below, each of these counts in the Superseding Indictment charge defendants with a distinct crime. Therefore, these arguments are without merit and the Court should deny defendants' motion.

## FACTUAL BACKGROUND

The government incorporates by reference the factual background set out in its Response in Opposition to Motion to Sever. Dkt. Entry 91.

As a result of their actions on January 6, 2021, all three defendants were charged in the Second Superseding Indictment with each of the following:

- Count One: Obstruction of an Official Proceeding and Aiding and Abetting, in violation of 18 U.S.C. §§ 1512(c)(2) and 2;

- Count Two: Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. § 111(a)(1);

1

- Count Three: Civil Disorder, in violation of 18 U.S.C. § 231(a)(3);

- Count Four: Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1);

- Count Five: Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2);

- Count Six: Engaging in Physical Violence in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(4);

- Count Seven: Obstructing, or Impeding Passage Through or Within the Grounds or Any of the Capitol Buildings, in violation of 40 U.S.C. § 5104(e)(2)(E); and

- Count Eight: Engaging in an Act of Physical Violence in the Grounds or Any of the Capitol Buildings, in violation of 40 U.S.C. § 5104(e)(2)(F).

## **LEGAL STANDARD**

A defendant may move to dismiss an indictment or count thereof for failure to state a claim prior to trial. *See* Fed. R. Crim. P. 12(b)(3)(B)(v). However, the Federal Rules of Criminal Procedure state that an indictment is only required to contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c). "An indictment must be viewed as a whole and the allegations must be accepted as true in determining if an offense has been properly alleged." *United States v. Bowdin*, 770 F. Supp. 2d 142, 146 (D.D.C. 2011). The operative question is whether the allegations, if proven, would be sufficient to permit a jury to find that the crimes charged were committed. *Id.* An indictment must contain every element of the offense charged, if any part or element is missing, the indictment is defective and must be dismissed." *See United States v. Hillie*, 227 F. Supp. 3d 57, 70 (D.D.C. 2017). Because pretrial dismissal of an indictment "directly encroaches upon the fundamental role of the grand jury, dismissal is granted only in unusual circumstances." *United States v. Ballestas*, 795 F. 3d 138, 148 (D.C. Cir. 2015) (internal quotation marks omitted). Ultimately, the court must decide

"whether the allegations, if proven, would be sufficient to permit a jury to find that the crimes charged were committed." *United States v. Bowdoin*, 770 F. Supp 2d 142, 146 (D.D.C. 2011).

## ARGUMENT

I. **The Second Superseding Indictment's counts are not multiplicitous.**

Defendants Bingert and Sturgeon briefly assert that five of the Second Superseding Indictment's counts are multiplicitous. Dkt. Entry 87. Specifically, defendants argue that Counts Four, Five, Six, Seven, and Eight are multiplicitous with one another. *Id.* However, defendants are wrong.

A defendant may be convicted of and sentenced under different statutory provisions for multiple offenses arising out of the same single act or course of conduct so long as Congress authorized the imposition of such multiple punishments. *See United States v. McLaughlin*, 164 F.3d 1, 8 (D.C. Cir. 1998) ("If the legislature intends to impose multiple punishment, imposition of such sentences does not violate Double Jeopardy."). "To determine multiplicity vel non, courts generally apply the *Blockburger* test: '[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not,' i.e., whether either is a lesser included offense of the other." *United States v. Mahdi*, 598 F.3d 883, 888 (D.C. Cir. 2010) (quoting *United States v. Weathers*, 186 F.3d 948, 951 (D.C. Cir. 1999), and *Blockburger v. United States*, 284 U.S. 299, 304 (1932)). If the two offenses each require proof of a fact the other does not, then the charges are not multiplicitous. *Id.* at 890.[1] The

---

[1] On the other hand, if two offenses fail the *Blockburger* test—because one is a lesser-included offense of the other—that is not the end of the inquiry. In that scenario, the "*Blockburger* test . . . provides only a canon of construction, not a 'conclusive presumption of law,'" *id.* at 888 (quoting *Garrett v. United States*, 471 U.S. 773, 779 (1985)), because there "'is nothing in the Constitution which prevents Congress from punishing separately each step leading to the consummation of a

*Blockburger* "test focuses on the statutory elements of the offense, not on the proof offered in a given case." *United States v. McLaughlin*, 164 F.3d 1, 8 (D.C. Cir. 1998). Thus, it is irrelevant whether there is significant overlap in the factual proof of each count at trial, or even whether two counts "are based upon the exact same set of facts and circumstances," as long as each count's elements require proof of a fact that the others do not. *United States v. Manafort*, 313 F. Supp. 3d 311, 314 (D.D.C. 2018); *see id.* ("[T]he test for multiplicity is not whether two counts are based on the same set of facts; rather, it is whether the statutory elements of the two offenses are the same.").

Here, defendants' multiplicity arguments fail because each of the offenses charged in the Second Superseding Indictment "requires proof of a fact which the other does not." *Blockburger*, 284 U.S. at 304. Indeed, these are not close questions—which is likely why defendants spend little more than a page each on the argument and do not even attempt to evaluate or analyze the statutes' elements. Many of the Counts require proof of multiple facts not required by the other Counts, and all require proof of at least one. Thus, the indictment satisfies *Blockburger*.

First, Count Four charges a violation of Sections 1752(a)(1) of Title 18, which applies to a defendant who "knowingly enters or remains in any restricted building or grounds without lawful authority to do so." 18 U.S.C. § 1752(a)(1). The elements of that offense are:

    1)    The defendant entered or remained in a restricted building or grounds without lawful authority;

    2)    The defendant did so knowingly;

---

transaction which it has power to prohibit and *punishing also the completed transaction.*" *Id.* (quoting *Garrett*, 471 U.S. at 779) (emphasis in original). Here, the offenses clearly each require proof of a fact the others do not, so it is not necessary to conduct this further analysis.

Count Five charges a violation of Section 1752(a)(2) of Title 18, which applies to a defendant who "knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engages in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions." 18 U.S.C. § 1752(a)(2). The elements of that offense are:

1) The defendant engaged in disorderly or disruptive conduct;

2) The defendant did so knowingly;

3) The conduct was in, or within such proximity to, a restricted building or grounds;

4) It was done when, or so that, such conduct in fact impeded or disrupted the orderly conduct of government business or official functions;

Count Six charges a violation of Sections 1752(a)(4) of Title 18, which applies to a defendant who "knowingly engages in any act of physical violence against any person or property in any restricted building or grounds." 18 U.S.C. § 1752(a)(4). The elements of that offense are:

1) The defendant engaged in an act of physical violence against any person or property;

2) The defendant did so knowingly;

3) The defendant did so in a restricted building or grounds;

Count Seven charges a violation of Section 5104(e)(2)(E) of Title 40, which applies to a defendant who "willfully and knowingly. . . (E) obstruct[s], and impede[s] passage through and within, the United States Capitol Grounds and any of the Capitol Buildings." 40 U.S.C. § 5104(e)(2)(E). The elements of that offense are:

1) The defendant obstructed or impeded passage;

2) The defendant did so willfully and knowingly;

5

      3)      The defendant did so in the Grounds or any of the Capitol Buildings;

Count Eight charges a violation of Section 5104(e)(2)(F) of Title 40, which applies to a defendant who "willfully and knowingly. . . (F) engage[s] in an act of physical violence in the Grounds or any of the Capitol Buildings." 40 U.S.C. § 5104(e)(2)(F). The elements of that offense are:

      1)      The defendant engaged in an act of physical violence;

      2)      The defendant did so willfully and knowingly;

      3)      The defendant did so in the Grounds or any of the Capitol Buildings;

These five counts are not multiplicitous. Count Four requires proof that the defendant was "without lawful authority" to be in any restricted building or grounds (element 1 of Count Four). Counts Five, Six, Seven, and Eight do not require proof of that fact.

Count Five, meanwhile, requires proof that the defendant engaged in "disorderly or disruptive conduct" (element 1 of Count Five), which Counts Four, Six, Seven, and Eight do not require. Count Five also requires proof that the defendant's conduct "in fact impede[d] or disrupt[ed] the orderly conduct of government business or official functions" (element 4 of Count Five), which Counts Four, Six, Seven and Eight do not.

Further, Count Six requires proof that the defendant engaged in "an act of physical violence," which Counts Four, Five, Seven, and Eight do not require.

Count Seven requires proof that the defendant intended to "obstruct[] or impede[] passage through and within the United States Capitol Grounds and any of the Capitol Buildings," which Counts Four, Five, Six, and Eight do not.

Finally, Count Eight requires proof of facts showing that the defendant acted "willfully and knowingly," a mens rea requirement distinct from Counts Four, Five, and Six.

6

Defendants misunderstand that the *Blockburger* multiplicity analysis refers to the elements of the offenses, not whether a single act could violate multiple statutes. The very premise of *Blockburger* and its progeny is that the "same act or transaction"—here, defendants' presence and violence at the Capitol Grounds—can form the basis of multiple criminal charges so long as each Count requires proof of a fact that the others do not. *Mahdi*, 598 F.3d at 888; *Manafort*, 313 F. Supp. 3d at 314 (counts can be "based upon the exact same set of facts and circumstances," if *Blockburger* is satisfied). The fact that defendants' conduct on January 6, 2021, has led to multiple related charges is unsurprising and ordinary in a criminal case.

## **CONCLUSION**

For the foregoing reasons, the Government respectfully requests that defendants' Motion to Dismiss be denied.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   */s/ Kaitlin Klamann*
KAITLIN KLAMANN
Assistant United States Attorney
601 D Street NW
Washington, D.C. 20001
IL Bar No. 6316768
(202) 252-6778
Kaitlin.klamann@usdoj.gov

7