UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TAYLOR JAMES JOHNATAKIS,<br><br>*Defendant.* | Case No. 1:21-cr-91-RCL-3 |

## MEMORANDUM ORDER

Over the course of this criminal case, defendant Taylor James Johnatakis has sent the Court over one hundred documents by mail espousing nonsensical theories about the nature of the prosecution and the Court's jurisdiction over him. The volume of those documents has increased dramatically in the past two months.

Since the last of Mr. Johnatakis's mailings was reflected on the docket, the Court has received from him, by its count, the following 160 documents intended for filing in this Court:

- 138 documents titled "NON-NEGOTIABLE NOTICE OF ACCEPTANCE," most of which are addressed to the Clerk of Court and some of which are addressed to others, including Mr. Johnatakis's attorney, Christopher Black;

- 18 documents titled "NOTICE OF DISHONOR," some of which are addressed to the Clerk of Court and others of which are addressed to Assistant United States Attorney ("AUSA") Kaitlin Klamann;[1]

- One notarized document titled "CERTIFICATE OF DISHONOR," addressed to AUSA Klamann;

- One document titled "NON-NEGOTIABLE NOTICE OF COMPELLED PERFORMANCE," addressed to Allen Orenberg, counsel for Mr. Johnatakis's former co-defendant Craig Michael Bingert;

---

[1] Several of the notices of acceptance and notices of dishonor are multiple copies of identical documents. Given the sheer volume of these documents and the fact that leave to file them will be denied, the Court declines to spend its time comparing each of them to identify which are duplicates.

1

- One document titled "NOTICE OF AND RESCISSION OF ATTACHMENT A DEFENDANT'S ACCEPTANCE," addressed to the Clerk of Court; and
- One document titled "NON-NEGOTIABLE NOTICE OF INQUIRY," addressed to the Court.[2]

In addition, Mr. Johnatakis sent this Court copies of two documents titled "NOTICE OF AND RESCISSION OF WAIVER OF RULE 5(c)(3)(D) HEARING AND ORDER OF TRANSFER," and six titled "NON-NEGOTIABLE NOTICE OF ACCEPTANCE," all addressed either to the Clerk of Court for the Western District of Washington or a Magistrate Judge of that court. The Court will deny leave to file those documents because they are apparently copies of documents intended for filing in another court.

For the following reasons, with respect to the documents apparently intended for filing in this Court, the Court will deny leave to file all but the following two: (1) the notice of rescission, which the Court construes as a motion for relief from the Protective Order in place in this case, ECF No. 31; and (2) the notice of inquiry, which the Court construes as a motion for recusal. The Court will deny all relief requested in the motions for which leave to file is granted.

## I.  NOTICES OF ACCEPTANCE

The bulk of Mr. Johnatakis's mailings are titled "NON-NEGOTIABLE NOTICE OF ACCEPTANCE." *See* Nots. of Acceptance, att. 1. Each of these documents references a filing on the case docket—either a filing by one of the parties or an order of the Court—and some of them attach a copy of that document, with each page stamped "accepted" and signed by Mr. Johnatakis. Each notice then treats the referenced filing as an "offer" to Mr. Johnatakis and purports to "accept" that offer.

---

[2] Mr. Johnatakis sent one copy of the certificate of dishonor and two copies each of the notice of compelled performance, notice of rescission, and notice of inquiry.

2

Motions by parties in litigation and orders of the Court are not "offers" for parties to "accept." A motion is "[a] written or oral application requesting a court to make a specified ruling or order." Motion, Black's Law Dictionary (11th ed. 2019). A party may *join* or *consent to* another party's motion, meaning that he may indicate to the Court that he either makes the request along with the other party or at least does not oppose it, but the request is ultimately directed at the Court. And, to be clear, failing to join or consent to an opposing party's motion does not nullify that motion.

An "order" is not a request at all—it is "[a] command, direction, or instruction," or "[a] written direction or command delivered by a government official, esp. a court or judge." Order, Black's Law Dictionary (11th ed. 2019). A party's purported acceptance or rejection of an order has no effect—an order by a federal court is an exercise of "[t]he judicial Power of the United States" vested in the courts by Article III of the United States Constitution. *See* U.S. Const. art. III, § 1.

Because Mr. Johnatakis's notices of acceptance have no legal effect and are wholly irrelevant to the matter before the Court, leave to file those documents will be denied.

## II.  NOTICES AND CERTIFICATE OF DISHONOR

Most of the remaining mailings are titled "NOTICE OF DISHONOR," and one is titled "CERTIFICATE OF DISHONOR." *See* Nots. of Dishonor, att. 2. Each of the notices of dishonor references an earlier notice of acceptance. It refers to that earlier notice as an "instrument" and states that that instrument "has been dishonored or has not been paid or accepted." *See generally id.* Meanwhile, the certificate of dishonor "certif[ies] that presentment of" one of the notices of acceptance to AUSA Klamann occurred and that "the instrument has been dishonored by nonacceptance or nonpayment." *Id.* at 19.

An "instrument" is (1) "[a] written legal document that defines rights, duties, or liabilities, such as a statute, contract, will, promissory note, or share certificate"; or (2) "[a]n unconditional promise or order to pay a fixed amount of money, with or without interest or other fixed charges described in the promise or order." Instrument, Black's Law Dictionary (11th ed. 2019). Mr. Johnatakis appears to be referring to the second definition.

Mr. Johnatakis's theory seems to be that if he "accepts" a court filing, either that filing or his notice of acceptance (it is not clear which) is somehow converted into an instrument promising him payment. That simply is not how instruments work. There must be some promise of payment. The Uniform Commercial Code, for example, defines an "instrument" as:

> an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it:
>
> (1) is payable to bearer or to order at the time it is issued or first comes into possession of a holder;
>
> (2) is payable on demand or at a definite time; and
>
> (3) does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money, but the promise or order may contain (i) an undertaking or power to give, maintain, or protect collateral to secure payment, (ii) an authorization or power to the holder to confess judgment or realize on or dispose of collateral, or (iii) a waiver of the benefit of any law intended for the advantage or protection of an obligor.

U.C.C. § 3-104(a); *see id.* § 3-104(b). At no point throughout the course of this case has the Court, the government, a co-defendant, counsel, or any other person promised Mr. Johnatakis payment of any sum. His understanding to the contrary has no basis in law.

Because Mr. Johnatakis's notices of dishonor and certificate of dishonor have no legal effect and are wholly irrelevant to the matter before the Court, leave to file those documents will be denied.

### III. NOTICE OF COMPELLED PERFORMANCE

Mr. Johnatakis sent the Court a copy of a document titled "NON-NEGOTIABLE NOTICE OF COMPELLED PERFORMANCE," addressed to Mr. Bingert's counsel, Allen Orenberg. *See* Not. of Compelled Performance, att. 3. That document reproduces what is apparently an email from Mr. Orenberg to Mr. Johnatakis asking if he would join or consent to a motion to set "a scheduling conference in the near future." *Id.* Mr. Johnatakis indicates in the document that he "recognize[s] compelled performance" but is "unaware of any International Admiralty/Maritime Contract or Commercial Agreement bearing [his] signature that would cause [him] to acquiesce in [Mr. Orenberg's] offer to consent or otherwise join any motion." *Id.* Whatever Mr. Johnatakis's reasons for refusing to join or consent to Mr. Orenberg's motion, the Court did, in fact, conduct a further status conference in the case, *see* Minute Entry (Mar. 23, 2023), and would have done so regardless of the parties' agreement. Accordingly, leave to file will be denied.

### IV. NOTICE OF RESCISSION

Mr. Johnatakis sent the Court a document titled "NOTICE OF AND RESCISSION OF ATTACHMENT A DEFENDANT'S ACCEPTANCE." *See* Not. of Rescission, att. 4. In that document, Mr. Johnatakis purports to "**Rescission** [*sic*] the original 'Case 1:21-cr-0091-RCL Document 25-3 Filed 04/20/21 Page 1 of 1 **ATTACHMENT A Defendant's Acceptance**' including every copy, bearing [his] signature, wet ink or electronic, Taylor James Johnatakis **for cause**." Not. of Rescission at 1 (emphases in original). To the extent that Mr. Johnatakis seeks in this filing to withdraw his consent to the Protective Order, conveyed in the filing he signed titled "Defendant's Acceptance," ECF No. 25-3, the Court will grant leave to file but deny all relief requested.

"Whether to lift or modify a protective order is a decision committed to the sound discretion of the trial court . . . . Once the court has entered a protective order, it may be modified upon a

5

showing of good cause." *Alexander v. FBI*, 186 F.R.D. 99, 100 (D.D.C. 1998). The only cause Mr. Johnatakis identifies for his apparent request that the Court lift or modify the Protective Order is that he "made a mistake Creating, Signing and Presenting" his acceptance thereof. Not. of Rescission at 1. Mr. Johnatakis does not explain what that "mistake" was, but at the end of the notice, he quotes two Bible verses that discuss acting as a "guarantor" or "shaking hands in a pledge" for a "friend" or "stranger." *See id.* (quoting Proverbs 6:1–5, 11:15).

Read in conjunction with the beginning of the notice, in which Mr. Johnatakis styles himself "a sentient moral being," *id.*, those verses imply that Mr. Johnatakis believes himself to be a legally distinct person from the Taylor James Johnatakis who was indicted as a defendant in this case, and in whose name he consented to the Protective Order. He apparently wishes to invoke a baseless theory, universally rejected by courts, that a so-called "sovereign citizen" or "flesh-and-blood human being" is "beyond the jurisdiction of the courts," *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011), whose jurisdiction extends only to "corporations or other fictiti[ous] entities," *Henry v. Fernandez-Rundle*, 773 Fed. App'x 596, 596 (11th Cir. 2019).

To be clear: The argument that a "sentient moral being" is not subject to this Court's jurisdiction is patently frivolous. *See Benabe*, 654 F.3d at 767; *Henry*, 773 Fed. App'x at 597. The Taylor James Johnatakis who signed the notice of rescission and consented to the Protective Order, however sentient and moral he may be, is the very same Taylor James Johnatakis indicted as a defendant in this case. He is subject to the jurisdiction of this Court and, if the Court finds him competent, will be tried for the crimes with which he is charged. He made no mistake in believing himself to be signing the acceptance of the Protective Order on his own behalf. Thus, without any showing of good cause, the Court will deny his apparent request for relief from the Protective Order.

## V. NOTICE OF INQUIRY

Mr. Johnatakis also sent the Court a document titled "NON-NEGOTIABLE NOTICE OF INQUIRY," asking a bulleted list of questions of the Court and ending with one of the same Bible verses quoted in the notice of rescission. *See* Not. of Inquiry, att. 5. Those questions invoke nonsensical theories similar to those rejected above, suggesting that the institution of this case, and perhaps Mr. Johnatakis's practice of sending notices of acceptance and dishonor, have somehow created a security interest valued at hundreds of millions of dollars that passed to the undersigned upon assignment of the case. *See id.* To the extent that Mr. Johnatakis is suggesting that the undersigned or some third party has a financial interest in his prosecution that would require recusal, leave to file will be granted, but all relief requested will be denied.

"[T]he United States Constitution, federal statutory law, and codes of judicial conduct each prescribe recusal standards under which a judge may—or, under limited circumstances, must—remove himself from a case to protect the integrity of the proceedings." *Jordan v. Dep't of Just.*, 315 F. Supp. 3d 584, 589 (D.D.C. 2018). For example, due process requires recusal in certain circumstances in which a judge assigned to a case has a direct financial interest in that case. *See Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868, 877–79 (2009).

Mr. Johnatakis does not expressly argue in the notice of inquiry that the undersigned or any third party has any interest in this case that would rise to the level of requiring recusal. At any rate, to be clear: The undersigned has no interest in this case, financial or otherwise. The prosecution of a criminal case does not create a security interest, and as explained above, Mr. Johnatakis's theories about offers and acceptance are nonsense. Nor does assignment of a case pass title to any property to the assigned judge. On that point, Mr. Johnatakis appears to confuse two different definitions of the word "assignment"—"[t]he transfer of rights or property," as opposed to "[t]he act of assigning a task, job, or appointment." Assignment, Black's Law

7

Dictionary (11th ed. 2019). There has been no showing of a conflict of interest, and there is, in fact, no conflict of interest, so the Court will deny Mr. Johnatakis's apparent request that the undersigned recuse himself.

## VI. CONCLUSION

For the foregoing reasons:

It is hereby **ORDERED** that leave to file the above-referenced notices of acceptance, notices of dishonor, certificate of dishonor, and notice of compelled performance is **DENIED**. The Court further **ORDERS** that if Mr. Johnatakis sends any future such notices or certificates, the Court will disregard them and will not place them on the docket. However, the Court will place the notices of acceptance, notices of dishonor, certificate of dishonor, and notice of compelled performance that Mr. Johnatakis has already sent on the public docket as an attachment to this Order so that the psychologist who has been designated to conduct a competency evaluation may examine them. *See* ECF No. 125. The Court will follow the same practice with respect to the copies of the documents addressed to the Western District of Washington, for which leave to file is also **DENIED**.

It is further **ORDERED** that leave to file the notice of rescission is **GRANTED**, that filing is construed as a motion for relief from the Protective Order, and all relief requested is **DENIED**.

Finally, it is **ORDERED** that leave to file the notice of inquiry is **GRANTED**, that filing is construed as a motion for recusal, and all relief requested is **DENIED**.

**IT IS SO ORDERED.**

Date: April 19, 2023

Royce C. Lamberth
United States District Judge