UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 21-cr-91 (RCL) |
| | : | |
| **TAYLOR JAMES JOHNATAKIS,** | : | |
| | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MOTION FOR A STATUS CONFERENCE RELATED TO
MENTAL COMPETENCY EVAULATION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves for an in-person status conference related to the mental competency evaluation of defendant Taylor James Johnatakis.

On April 12, 2023, the Court ordered that Dr. Brent J. O'Neal of Seattle, Washington conduct an examination of the defendant pursuant to 18 U.S.C. § 4241(b) and prepare a report pursuant to 18 U.S.C. § 4241(c). *See* Dkt. Entry 125, as amended by 128. In addition, the Court ordered the defendant "to cooperate with Dr. O'Neal as necessary to conduct the examination and prepare the report." *Id*.

The Court, the government, and counsel for defendant Johnatakis have received Dr. O'Neal's report dated May 25, 2023. The report details the defendant's repeated nonresponsive answers to Dr. O'Neal's questions. For example, Johnatakis frequently asserted, in response to the questions, "I'm not here to testify."[1]

---

[1] To the extent that Johnatakis was attempting to assert a Fifth Amendment right not to answer the evaluator's questions, he may not do so. The Supreme Court has recognized that there is no Fifth Amendment violation where the defendant's statements in a competency evaluation are used to determine competency. *Estelle v. Smith*, 451 U.S. 454, 465 (1981) ("if the application of [the psychiatrist's] findings had been confined to [a competency hearing], no Fifth Amendment

As a result of Johnatakis's lack of cooperation, Dr. O'Neal was "unable to formulate opinions about [Johnatakis's] present mental health functioning and ability to participate in the legal process." In light of this refusal to cooperate, the government respectfully requests that:

(1) the Court schedule an in-person status conference with the parties;

(2) the Court find that Johnatakis did not "cooperate" with the evaluation as required by the Court's April 12, 2023 order;

(3) the Court admonish Johnatakis that "cooperation" with the competency evaluation requires the following:

    a. Responding truthfully and fully to all questions asked by the evaluator, without reference to any prepared remarks or scripts and without refusing to answer questions, including because defendant does not wish to "testify;"

    b. Participating meaningfully in, and completing, all testing procedures administered by the evaluator; and

    c. Providing the evaluator with his genuine expressions of thoughts and feelings when asked;

(4) the Court advise defendant Johnatakis of the consequences of continued non-cooperation with the mental competency evaluation--including, but not limited to, the Court ordering the defendant into custody for an evaluation at a U.S. federal medical center and/or holding defendant in contempt of court;

---

issue would have arisen"). *See also Nguyen v. Garcia*, 477 F.3d 716 (9th Cir. 2007) (noting, in discussing state law, that "competency hearings do not invoke the same concerns of self-incrimination -- the right Miranda is designed to protect -- that are relevant during the guilt and penalty phases of trial" and finding that Fifth Amendment concerns "have no place at a competency hearing").

(5) the Court incorporate cooperation with the competency evaluation into Johnatakis's conditions of release;

(6) that Dr. O'Neal be permitted to conduct collateral interviews with third parties who are familiar with Johnatakis's day-to-day patterns of behavior; and

(7) the Court order an additional examination of the defendant by Dr. O'Neal pursuant to 18 U.S.C. § 4241(b), as well as a supplemental report pursuant to 18 U.S.C. § 4241(c).

Should Johnatakis not agree to cooperate and answer Dr. O'Neal's questions during the status conference, the government may ask during the hearing that he be held in contempt or that further contempt proceedings be scheduled, that he be ordered into custody, and/or that he undergo an evaluation at a U.S. federal medical center.

As noted in the government's first request above, the government requests that the Court order that the status conference take place in person. While the government recognizes that doing so requires defendant's cross-country travel, defendant's defiance of the court's order during his competency evaluation is a serious matter that is best addressed in person, where the parties can fully clarify defendant's obligations and defendant can ensure the Court that he understands and will fulfill them. Further, the last status hearing with the defendant was held remotely; during that hearing, defendant refused to respond appropriately to the Court, and the remote setting made it more difficult for the parties to respond to each other and address the defendant's behavior. Counsel for defendant, Christopher Black, who is located in Seattle, Washington, does not oppose a status conference, but requests that it be held virtually.

**WHEREFORE**, for the foregoing reasons and for any other such reasons as may appear to the Court, the government respectfully requests that the Court grant the motion for a status conference.

                                                Respectfully submitted,

                                                MATTHEW M. GRAVES
                                                United States Attorney
                                                D.C. Bar No. 481052

By:    */s/ Kaitlin Klamann*
        KAITLIN KLAMANN
        Assistant United States Attorney
        601 D Street NW
        Washington, D.C. 20530
        IL Bar No. 6316768
        (202) 252-6778
        Kaitlin.klamann@usdoj.gov

By:    */s/ Courtney A. Howard*
        COURTNEY A. HOWARD
        Trial Attorney, Criminal Division
        Detailed to the U.S. Attorney's Office
        601 D Street NW
        Washington, D.C. 20001
        NY Bar No. 4513909
        202-514-3130
        Courtney.Howard2@usdoj.gov