UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TAYLOR JAMES JOHNATAKIS,<br><br>*Defendant.* | Case No. 1:21-cr-91-RCL-3 |

## ORDER

For the reasons explained in open court at the status conference this morning, the Court finds that Defendant Taylor James Johnatakis did not cooperate with the competency evaluation required by the Court's April 12, 2023 Order. Accordingly, the Court hereby **ORDERS** Mr. Johnatakis to submit to an additional competency examination by Dr. Brent J. O'Neal pursuant to 18 U.S.C. § 4241(b), so that Dr. O'Neal may complete a supplemental competency report pursuant to 18 U.S.C. § 4247(c). As part of his evaluation, Dr. O'Neal may conduct collateral interviews with third parties who are familiar with Mr. Johnatakis's day-to-day patterns of behavior. The Court further **ORDERS** that Mr. Johnatakis's conditions of release be **MODIFIED** to require cooperation with the competency evaluation.

The Court hereby admonishes Mr. Johnatakis, as it did from the bench, that cooperation with the competency evaluation requires the following:

(1) Responding truthfully and fully to all questions asked by the evaluator, without reference to any prepared remarks or scripts and without refusing to answer questions, including because he does not wish to "testify";

(2) Participating meaningfully in, and completing, all testing procedures administered by the evaluator; and

(3) Providing the evaluator with his genuine expressions of thoughts and feelings when asked.

1

Furthermore, the Court advises Mr. Johnatakis that the potential consequences of continued non-cooperation with the competency evaluation include, but are not limited to, the Court ordering him into custody for an evaluation at a U.S. federal medical center, *see* 18 U.S.C. § 4247(b), holding him in contempt of court, and/or revoking his pretrial release.

In response to questions Mr. Johnatakis asked at the status conference this morning, the Court wishes to clarify that his answers to Dr. O'Neal's questions do not implicate his Fifth Amendment right against self-incrimination, because they cannot and will not be used against him to prove his guilt or determine any punishment. Statements made as part of a court-ordered competency evaluation only implicate the Fifth Amendment if they are used as evidence against a defendant to prove his guilt or the appropriate punishment—not if they are used solely to determine competency to stand trial. *See United States v. Weston*, 36 F. Supp. 2d 7, 13 (D.D.C. 1999) (citing *Estelle v. Smith*, 451 U.S. 454, 468 (1981); Fed. R. Crim. P. 12.2(c), (d)). To be clear, the sole purpose of requiring Mr. Johnatakis to answer Dr. O'Neal's questions is to determine his competency. Should Mr. Johnatakis be found competent to stand trial, the Court will not admit against him any statements he makes to Dr. O'Neal as proof of his guilt nor, in the event of a guilty verdict or plea, the appropriate punishment.

**IT IS SO ORDERED.**

Date: July 17, 2023

Royce C. Lamberth
United States District Judge