UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>TAYLOR JOHNATAKIS,<br><br>        Defendant. | Case No. 1:21-cr-00091-RCL |

**MOTION TO WITHDRAW AS COUNSEL**

Christopher Black, counsel for Defendant Taylor Johnatakis, respectfully moves this Court to withdraw as counsel and to permit Mr. Johnatakis to proceed without counsel in this matter. This motion is contingent upon the Court making a finding that Mr. Johnatakis is competent to proceed to trial.

**I.  Facts and Procedural History**

Mr. Johnatakis was charged by complaint on January 18, 2021. He self-surrendered to the United States Marshals in the Western District of Washington on February 11, 2021, and had his initial appearance that same day. Mr. Johnatakis initially retained undersigned counsel to represent him in the Western District of Washington, and eventually retained counsel to represent him in the District of Columbia District. Mr. Johnatakis was arraigned on March 12, 2021. A magistrate judge in Western Washington ordered Mr. Johnatakis's release on his own recognizance, and Magistrate Judge Robin Meriweather subsequently

entered an order setting conditions of release. Mr. Johnatakis has complied completely with all release conditions during the pendency of this matter.

Counsel previously moved to withdraw on July 18, 2022. Dkt. No. 70. The Court held a hearing on the motion on July 26, 2022. See Non-Numbered Docket Entry from July 26, 2022. At the hearing, the Court conducted an inquiry into Mr. Johnatakis's capacity to proceed without counsel. The Court indicated it would allow Mr. Johnatakis to represent himself but advised against it. The Court directed Mr. Johnatakis to advise the Court of his decision at an upcoming status conference, on August 9, 2022. Id.

At the August 9 status conference, Mr. Johnatakis advised the Court that he wished to proceed without counsel and the Court indicated that it would allow Mr. Johnatakis to do so. The Court inquired whether undersigned counsel would remain as standby counsel on an appointed basis, to which undersigned counsel agreed (through my partner, who was appearing at the hearing on my behalf). Over the next several months, undersigned counsel attempted to finalize appointment as standby counsel but was unable to do so. No written order was ever entered on the motion to withdraw.

The Court held another status conference on March 23, 2023. At that hearing, the became concerned that Mr. Johnatakis may not be competent to stand trial and directed him to undergo an evaluation determine his mental competency to stand trial, as provided by 18 U.S.C. § 4241(b). The Court found that Mr. Johnatakis was not able to represent himself during the proceedings to determine his competency and appointed undersigned counsel to represent him.

Dr. Brent Oneal conducted an initial evaluation of Mr. Johnatakis on May 5, 2023. Dr. Oneal subsequently submitted a report to the Court indicating that he was unable to

form an opinion on Mr. Johnatakis's competency because Mr. Johnatakis did not adequately participate in the evaluation process. The government submitted a motion for a status conference and an order directing Mr. Johnatakis to participate in the evaluation process, which the Court granted. Dkt. No. 175.

Dr. Oneal conducted a second evaluation of Mr. Johnatakis on August 31, 2023 and submitted a report to the Court that same day. In his report, Dr. Oneal found that Mr. Johnatakis is not suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Mr. Johnatakis is prospectively requesting to discharge counsel should the Court agree with Dr. Oneal and find Mr. Johnatakis competent to proceed to trial. (The defense does not plan to challenge Dr. Oneal's finding that Mr. Johnatakis is competent to proceed to trial.) The defense recognizes that because the Court has not yet ruled on the competency question this motion is premature. However, based on the practical consideration that the parties are already scheduled to appear for a hearing on October 18, 2023, the defense raises this motion at this time and asks to proceed with a hearing should the motion become ripe at the October 18 hearing. While the Court previously conducted a colloquy regarding Mr. Johnatakis's ability to represent himself, subsequent events may warrant revisiting the relevant issues.

II.     **Argument**

The Court should hold a hearing at which it should conduct a brief colloquy with Mr. Johnatakis to ensure that he is knowingly, intelligently, and voluntarily waiving his

right to counsel, and should ultimately permit defense counsel to withdraw and allow Mr. Johnatakis to proceed without counsel in this case.

A criminal defendant has a constitutional right to represent him or herself at trial if s/he knowingly, intelligently, and voluntarily waives the Sixth Amendment right to counsel. United States v. Gewin, 471 F.3d 197, 198-99 (D.C. Cir. 2006) (citing Faretta v. California, 422 U.S. 806, 835 (1975)). While a waiver must be intelligent it need not be wise or even reasonable. Id. at 199. A defendant's technical legal knowledge is, therefore, not relevant to an assessment of his knowing exercise of the right to defend him or herself. Id.; Faretta, 422 U.S. at 834, 836. However, the trial court does have a responsibility to make the defendant "aware of the dangers and disadvantages of self-representation," and to engage the defendant in a "short discussion on the record regarding these dangers and disadvantages." United States v. Brown, 823 F.2d 591, 599 (D.C. Cir. 1987)(internal quotations deleted). The purpose of this colloquy is so that the record will establish that "he knows what he is doing and his choice is made with eyes open." Faretta, 422 U.S. at 835 (internal quotations deleted).

The Court should hold a hearing to conduct a colloquy with Mr. Johnatakis to ensure he is voluntarily making a fully informed decision to act as his own counsel. After the Court conducts the necessary colloquy, the Court should grant Mr. Johnatakis's request and allow counsel to withdraw. Counsel previously indicated willingness to remain as standby counsel in this matter and continues to be willing to serve in that capacity.

### III. Conclusion

For the foregoing reasons, undersigned counsel respectfully requests that the Court hold a hearing at its earliest convenience to conduct the necessary colloquy for Mr.

Johnatakis to proceed without counsel in this case. The defense specifically requests that the Court conduct such a colloquy at the upcoming hearing on October 18, 2023, should the Court make a finding at that time that Mr. Johnatakis is competent to proceed to trial.

Respectfully submitted this 16th day of October, 2023.

BLACK & ASKEROV, PLLC

_____
Christopher Black, Bar ID # WA0023
Attorney for Taylor Johnatakis
705 Second Avenue, Suite 1111
Seattle, WA  98104
Phone:	206.623.1604
Fax:	206.658.2401
Email:	chris@blacklawseattle.com