**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CASE NO.: 21-CR-91 (RCL) |
| | : | |
| TAYLOR JAMES JOHNATAKIS, | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S PRETRIAL STATEMENT

The government submits the following pretrial statement.  This filing includes (1) a proposed statement of the case, (2) proposed jury voir dire questions; (3) proposed jury instructions, (4) the government's witness list, (5) the government's exhibit list, and (6) a proposed verdict form.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:     */s/ Kaitlin Klamann*
KAITLIN KLAMANN
Assistant United States Attorney
601 D Street NW
Washington, D.C. 20530
IL Bar No. 6316768
(202) 252-6778
Kaitlin.klamann@usdoj.gov

By:     */s/ Courtney A. Howard*
COURTNEY A. HOWARD
Trial Attorney, Criminal Division
Detailed to the U.S. Attorney's Office
601 D Street NW
Washington, D.C. 20001
NY Bar No. 4513909
202-514-3130
Courtney.Howard2@usdoj.gov

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CASE NO.: 21-CR-91 (RCL) |
| | : | |
| TAYLOR JAMES JOHNATAKIS, | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S PROPOSED STATEMENT OF THE CASE

This is a criminal case, in which the defendant, Taylor James Johnatakis, is charged with actions arising from the riot at the U.S. Capitol on January 6, 2021. The United States alleges that the defendant obstructed the Congressional proceeding to certify the results of the 2020 presidential election; that the defendant assaulted, resisted, or impeded certain law enforcement officers; that the defendant interfered with law enforcement during a civil disorder; that the defendant entered and remained in a restricted area on January 6, 2021, without lawful authority to do so; that the defendant engaged in disorderly or disruptive conduct in the restricted area; that the defendant engaged in physical violence in a restricted area; and that the defendant engaged in an act of physical violence on Capitol grounds.  The defendant has pleaded not guilty to all of the charges.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **CASE NO.: 21-CR-91 (RCL)** |
| | : | |
| **TAYLOR JAMES JOHNATAKIS,** | : | |
| | : | |
| Defendant. | : | |

## PROPOSED VOIR DIRE QUESTIONS

### Questions Addressed to the Full Venire

1.  Having now heard a brief description of the case, do you know, or have you heard, anything about this specific case?

2.  The United States in this case is represented by Assistant United States Attorney Kaitlin Klamann and Trial Attorney Courtney Howard, who will be accompanied by paralegal Melissa Macechko and FBI Special Agent Michael Kiley.  Defendant Taylor James Johnatakis is representing himself, with assistance from attorney Christopher Black.  Do you know any of these individuals?

3.  [Each side will introduce its witnesses by name, general area of residence, and/or employment.] Do you know any of the witnesses who have been introduced to you?

4.  Do you recognize any other member of the jury panel, any court staff, or me?

The next five questions relate to you, members of your immediate family, and close personal friends:

5.  Does anyone in that group now work for, or has anyone in that group ever worked for, any law-enforcement agency?  This includes any police department in or outside the District, special police officers, prosecutors' offices such as the state's attorney or U.S. Attorney, Park

Police, FBI, Department of Justice, Homeland Security, sheriffs' departments, U.S. Secret Service, or any other law-enforcement agency.

6.   Has any member of that group ever served in the military?

7.   Has any member of that group ever gone to law school, worked as a lawyer, or worked in a law office?

8.   Has any member of that group ever been arrested for, convicted of, or charged with a crime or been a victim of or witness to a crime?

9.   Does any member of that group live or work in or near the U.S. Capitol?

The next set of questions relate just to you:

10. Let me tell you the likely schedule.  Today is Thursday, November 16.  Following the completion of jury selection, you will likely hear evidence in the case every day from 9:30 am to 5:00 pm each day, with a lunch break from 12:30 pm to 1:45 pm each weekday.  Court will be in session for a full day on Wednesday, November 22, but will be closed on Thanksgiving Day, November 23, and the following day, Friday, November 24.  We expect the trial could last approximately five weekdays; it could be a bit shorter or a bit longer.  When the trial is over, I will ask you to deliberate.  Once you begin deliberating, I do not know how long your deliberations will last.  But you will not meet past 5:00 pm, and you will not meet on weekends.  Knowing this schedule, would serving as a juror in this case be an extreme hardship to you?

11. Do you have a health or physical problem that would make it difficult to serve on this jury?

12. Do you have any difficulty reading, speaking, or understanding English?

13. Do you have any trouble seeing or hearing?

14. Do you have trouble paying attention for long periods of time?

4

15. Have any of you had an experience as a member of a grand jury or as a juror in a previous trial?

16. I will be instructing the jury at the end of this trial that the testimony of a law enforcement witness should be treated the same as testimony of any other witness and that the jury should not give either greater or lesser weight to the testimony of a law enforcement witness.  Is there any reason you would not be able to follow that instruction?

17. If you are selected as a juror in this case, I will instruct you to avoid all media coverage, including radio, television, podcasts, and social media, and not to use the internet with regard to this case for any purpose.  That is, you will be forbidden from reading newspaper articles about this case, listening to radio and podcast stories about this case, watching TV news about this case, googling this case, blogging or tweeting about this case, or reading or posting comments about this case on any social media sites.  Do you have any reservations or concerns about your ability or willingness to follow this instruction?

18. Under certain circumstances, the government can obtain authorization from a judge to search a premises or electronic media to obtain evidence including, but not limited to, emails, text messages, video recordings, letters, financial information and other materials or information. I will instruct you that any evidence that is presented to you at trial was obtained legally and you can consider it.  Do you have concerns about your ability to follow this instruction?

19. Jurors are the sole judges of the facts.  However, the jury must follow the principles of law as instructed by the judge.  The jury may not follow some rules of law and ignore others. Even if the jury disagrees or dislikes the rules of law or does not understand the reasons for some of the rules, it is their duty to follow them.  Do you have any personal beliefs that would make it difficult to follow the Court's legal instructions, whatever they may be?

20.  Have you had any unpleasant experiences with the police, a prosecutor, or other law enforcement, whether here in D.C. or elsewhere, that would make it difficult for you to be a fair juror in this trial?

21. Have you had any unpleasant experiences with a defense attorney or defense investigator, whether here in D.C. or elsewhere, that would make it difficult for you to be a fair juror in this trial?

22. Do you live or work at or near the U.S. Capitol?

23. Were you at or near the U.S. Capitol on January 6, 2021?

24. Do you or someone close to you have any personal or professional connection to events at the U.S. Capitol on January 6, 2021?

25. Have you ever watched video of what happened at the U.S. Capitol on January 6, 2021 on the news or on the Internet?

26. No matter what you have heard or seen about events at the U.S. Capitol on January 6, 2021, and any opinions you might have formed about those events, would you have any difficulty setting your opinions aside and deciding this case in a fair and impartial manner based solely on the evidence presented in court?

27. As you sit here, do you have an opinion about the defendants' guilt or innocence in this case?

28. There are a few key principles of law that govern every criminal trial: (i) the defendant is presumed to be innocent, (ii) the defendant has the right to remain silent, (iii) the defendant has no burden whatsoever to establish his or her innocence, and (iv) the government has the burden of proving its case beyond a reasonable doubt.  Do you have concerns about your ability to follow these principles?

29. My final question is a "catch-all question." This asks whether there is any other reason that I haven't asked about that might make it difficult for you to sit fairly, impartially, and attentively as a juror.  Perhaps you have a religious, moral, or philosophical reason that you believe would make it hard for you to be fair.  In sum, is there some other reason that would make it difficult for you to sit as a fair, impartial, and attentive juror in this particular case?

**<u>Individual Voir Dire by the Court</u>**

After the Court reads the above questions to the full venire, the government respectfully requests that the Court conduct individual voir dire, both to follow up on any "yes" answers each juror gave to those questions, and to obtain a limited amount of background information about the juror.  The government requests that the Court generally follow up on "yes" responses to the above questions.   The government also respectfully requests that the Court ask the following background questions of each juror during individual voir dire:

1. How long have you lived in the District of Columbia?

2. What is the highest level of school you completed?

3. What is your marital status?

4. What is your current occupation?

   a. How long have you been at this job?

   b. What is your current role at work?

   c. Does your role include supervisory duties?

   d. If you have a spouse or partner, what is their occupation?

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **CASE NO.: 21-CR-91 (RCL)** |
| | : | |
| **TAYLOR JAMES JOHNATAKIS,** | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT PROPOSED JURY INSTRUCTIONS

The government requests the following jury instructions.

### I.    Instructions Before and During Trial

The government has no objection to the Pattern Criminal Jury Instructions for the District of Columbia, 2021 Release ("Redbook"), as appropriate based on the developments at trial.

### II.    Final Instructions

1.    Furnishing the Jury with a Copy of the Instructions, Redbook 2.100

2.    Function of the Court, Redbook 2.101

3.    Function of the Jury, Redbook 2.102

4.    Jury's Recollection Controls, Redbook 2.103

5.    Notetaking by Jurors, Redbook 1.105B

6.    Evidence in the Case, Redbook 2.104

7.    Statements of Counsel, Redbook 2.105

8.    Indictment Not Evidence, Redbook 2.106

9.    Burden of Proof, Redbook 2.107

10.    Reasonable Doubt, Redbook 2.108

11.    Direct and Circumstantial Evidence, Redbook 2.109

12.    Nature of Charges Not to Be Considered, Redbook 2.110

8

13.     Number of Witnesses, Redbook 2.111

14.     Inadmissible and Stricken Evidence, Redbook 2.112

15.     Credibility of Witnesses, Redbook 2.200

16.     Police Officer's Testimony, Redbook 2.207

17.     Right of Defendant Not to Testify, Redbook 2.208 and/*or* Defendant as Witness, Redbook 2.209, *as applicable*

18.     False or Inconsistent Statement by Defendant, Redbook 2.210, *as applicable*

19.     Statements of the Defendant – Substantive Evidence, Redbook 2.305, *as applicable*

20.     Motive, Redbook 2.307

21.     Evaluation of Prior Inconsistent Statement of a Witness, Redbook 2.216, *as applicable*

22.     Evaluation of Prior Consistent Statement of a Witness, Redbook 2.217, *as applicable*

23.     Multiple Counts-One Defendant, Redbook 2.402

24.     Count One: Obstruction of an Official Proceeding, Aiding and Abetting, in violation of 18 U.S.C. §§ 1512(c)(2), 2 [see proposal below]

25.     Count Two: Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. §111(a)(1) [see proposal below]

26.     Count Three: Civil Disorder, in violation of 18 U.S.C. § 231(a)(3) [see proposal below]

27.     Count Four: Entering and Remaining in Restricted Buildings or Grounds, in violation of 18 U.S.C. § 1752(a)(1) [see proposal below]

28.     Count Five: Disorderly or Disruptive Conduct in Restricted Buildings or Grounds, in violation of 18 U.S.C. § 1752(a)(2) [see proposal below]

29.     Count Six: Engaging in Physical Violence in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(4) [see proposal below]

30.     Count Eight: Engaging in an Act of Physical Violence on Capitol Grounds, in violation of 40 U.S.C. § 5104(e)(2)(F) [see proposal below]

31.     Proof of "on or about," Redbook 3.103

32.     Proof of State of Mind, Redbook 3.101

33.     Aiding and Abetting, Redbook 3.200

34.     Unanimity—General, Redbook 2.405

35.     Verdict Form Explanation, Redbook 2.407

36.     Redacted Exhibits, Redbook 2.500

37.     Exhibits During Deliberations, Redbook 2.501

38.     Selection of Foreperson, Redbook 2.502

39.     Possible Punishment Not Relevant, Redbook 2.505

40.     Cautionary Instruction on Publicity, Communication, and Research, Redbook 2.508

41.     Communication Between Court and Jury During Jury's Deliberations, Redbook 2.509

42.     Attitude and Conduct of Jurors in Deliberations, Redbook 2.510

43.     Excusing Alternate Jurors, Redbook 2.

**Proposed Instruction No. 24**

**Count One**
**Obstruction of an Official Proceeding and Aiding and Abetting**
**(18 U.S.C. §§ 1512(c)(2) and 2)**

Count One of the Indictment charges the defendant with corruptly obstructing an official proceeding, which is a violation of federal law.

Count One also charges the defendant with attempt to obstruct or impede an official proceeding and aiding and abetting others to commit that offense.  First, I will explain the elements of the substantive offense, along with its associated definitions.  Then, I will explain how to determine whether the defendant attempted the offense and whether the defendant aided and abetted the offense.

**Elements**

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant attempted to or did obstruct or impede an official proceeding.

Second, the defendant intended to obstruct or impede the official proceeding.

Third, the defendant acted knowingly, with awareness that the natural and probable effect of his conduct would be to obstruct or impede the official proceeding.

Fourth, the defendant acted corruptly.

**Definitions**

To "obstruct" or "impede" means to block, interfere with, or slow the progress of an official proceeding.

Congress's Joint Session to certify the Electoral College vote on January 6, 2021, was an

"official proceeding" as that term is used in this count.[1]   The official proceeding need not be pending or about to be instituted at the time of the offense.   If the official proceeding was not pending or about to be instituted, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant.[2]

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.   In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did, said, or perceived.[3]

To act "corruptly," the defendant must use independently unlawful means or act with an

---

[1] *United States v. Fischer*, 64 F.4th 329, 342 (D.C. Cir. 2023) (holding "that congressional certification of the Electoral College count is an 'official proceeding'" for purposes of § 1512(c)(2)). *See also* 18 U.S.C. § 1515(a)(1)(B) (defining "official proceeding" to include "a proceeding before the Congress").

[2] 18 U.S.C. § 1512(f)(1) ("For the purposes of this section—(1) an official proceeding need not be pending or about to be instituted at the time of the offense").   For the nexus requirement (that the official proceeding need be reasonably foreseeable), see *United States v. Sandlin*, 575 F. Supp. 3d 16, 32 (D.D.C. 2021); *United States v. Aguilar*, 515 U.S. 593, 599-600 (1995).   For other January 6 trials that have used a similar instruction, see*, e.g.*, *United States v. Reffitt*, 21-cr-32 (DLF) (ECF No. 119 at 25-26), *United States v. Robertson*, 21-cr-34 (CRC) (ECF No. 86 at 12), *United States v. Thompson*, 21-cr-161 (RBW) (ECF No. 832 at 26), *United States v. Williams*, 21-cr-377 (BAH) (ECF No. 112 at 7); and *United States v. Thomas*, 21-cr-552 (DLF) (ECF No. 150 at 23).

[3] *See* The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit §§ 1512 & 1515(a)(1); *see also Arthur Andersen LLP v. United States*, 544 U.S. 696, 705 (2005); *United States v. Carpenter*, 21-cr-305 (JEB) (ECF No. 97 at 11) (including instruction that the evidence to be considered includes "what [the defendant] did, said, or perceived"); *United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 9) (same); *United States v. Fellows*, 21-cr-83 (TNM) (ECF No. 140 at 26) (same); *United States v. Gunby*, 21-cr-626 (PLF) (ECF No. 57 at 7 (holding, in a January 6 case charging offenses under 18 U.S.C. § 1752 and 40 U.S.C. § 5104, that "what [the defendant] witnessed is directly relevant to his knowledge and intent") (citing *United States v. Griffith*, 21-cr-244, 2023 WL 2043223, at *3 (D.D.C. Feb. 16, 2023) and *United States v. Rhine*, 21-cr-687, 2023 WL 2072450, at *7 (D.D.C. Feb. 17, 2023)).

unlawful purpose, or both.[4] The defendant must also act with "consciousness of wrongdoing." "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong or unlawful.

Not all attempts to obstruct or impede an official proceeding involve acting corruptly. For example, a witness in a court proceeding may refuse to testify by invoking his or her constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but that person does not act corruptly. In contrast, an individual who obstructs or impedes a court proceeding by bribing a witness to refuse to testify in that proceeding, or by engaging in other independently unlawful conduct, does act corruptly.[5] One way of acting corruptly involves acting with the intent to secure an unlawful advantage or benefit either for

---

[4] In *United States v. Robertson*, __ F.4th __, 2023 WL 6932346 (D.C. Cir. 2023), the district court adopted a jury instruction that largely mirrored this proposed definition of "corruptly." *Id.* at *3. On appeal, the D.C. Circuit stated: "[T]he district court correctly informed the jury that it could find that Robertson acted 'corruptly' if the government proved that he 'use[d] [independently] unlawful means' when he obstructed, impeded, or influenced the Electoral College vote certification. . . . Defining 'corruptly' as 'wrongfully' — and treating independently unlawful conduct as 'wrongful' — provides an objective measure of culpable conduct that is straightforward to apply: A court or a jury can easily determine whether the evidence shows that a defendant took unlawful action to obstruct, impede, or influence the proceeding." *Id.* at *9.

[5] The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit; *Arthur Andersen LLP v. United States*, 544 U.S. 696, 706 (2005); *United States v. Fischer*, 64 F.4th 329, 340 (D.C. Cir. 2023) (opinion of Pan, J.); *United States v. Gordon*, 710 F.3d 1124, 1151 (10th Cir. 2013); *United States v. Friske*, 640 F.3d 1288, 1291 (11th Cir. 2011); *United States v. Watters*, 717 F.3d 733, 735 (9th Cir. 2013); *United States v. North*, 910 F.2d 843, 883 (D.C. Cir. 1990), *withdrawn and superseded in part by United States v. North*, 920 F.2d 940 (D.C. Cir. 1990); *United States v. Sandlin*, 575 F. Supp. 3d 16, 32 (D.D.C. 2021); *United States v. Caldwell*, 581 F. Supp. 3d 1, 19-20 (D.D.C. 2021); *United States v. Mostofsky*, 579 F. Supp. 3d 9, 26 (D.D.C. 2021); *United States v. Montgomery*, 578 F. Supp. 3d 54, 82 (D.D.C. 2021); *United States v. Lonich*, 23 F.4th 881, 902-03 (9th Cir. 2022). For other January 6 trials that have used similar instructions, see, *e.g.*, *United States v. Williams*, 21-cr-377 (BAH) (ECF No. 112 at 7), and *United States v. Reffitt*, 21-cr-32 (DLF) (ECF No. 119 at 25-29); *United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 10).

oneself or for another person.[6]

While the defendant must act with intent to obstruct the official proceeding, this need not be his sole purpose. A defendant's unlawful intent to obstruct an official proceeding is not negated by the simultaneous presence of another purpose for his conduct.[7]

**Attempt**

In Count One, the defendant is also charged with attempt to commit the crime of obstruction of an official proceeding. An attempt to commit obstruction of an official proceeding is a crime even if the defendant did not actually complete the crime.

In order to find the defendant guilty of attempt to commit obstruction of an official proceeding, you must find that the government proved beyond a reasonable doubt each of the following elements:

First, that the defendant intended to commit the crime of obstruction of an official proceeding, as I have defined that offense above.

Second, that the defendant took a substantial step toward committing obstruction of an official proceeding which strongly corroborates or confirms that the defendant intended

---

[6] "[T]here are many ways to prove 'corruptly[,]'" *United States v. Robertson*, __ F.4th __, 2023 WL 6932346, at *11, n.8 (D.C. Cir. Oct. 20, 2023); this is merely one way. *See id.* at *12 ("Acting 'dishonestly' would be consistent with the ordinary meaning of acting 'corruptly.' . . . Likewise, a defendant's obstructive conduct may often seek to secure an unlawful benefit for himself or another, such as preventing negative testimony at a trial."). This formulation, which *Robertson* found was not required but which incorporates aspects of the lead and concurring opinions in *United States v. Fischer*, 64 F.4th 329, 340 (D.C. Cir. 2023) (opinion of Pan, J.); *id.* at 352 (Walker, J., concurring), was provided in *United States v. Nordean, et al*, 21-cr-175 (TJK) (ECF No. 767 at 31-32), *United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 10), *United States v. Thomas*, 21-cr-552 (DLF) (ECF No. 150 at 24), *United States v. Fellows*, 21-cr-83 (TNM) (ECF No. 140 at 27), and *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 28).

[7] *United States v. Carpenter*, 21-cr-305 (JEB) (ECF No. 97 at 11); *United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 10); *United States v. Fellows*, 21-cr-83 (TNM) (ECF No. 140 at 27); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 29).

to commit that crime.

With respect to the first element of attempt, you may not find the defendant guilty of attempt to commit obstruction of an official proceeding merely because the defendant thought about it.  You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty of attempt to commit obstruction of an official proceeding merely because the defendant made some plans to or some preparation for committing that crime.  Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit obstruction of an official proceeding. However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

**Aiding and Abetting**

In this case, the government further alleges that the defendant committed obstruction of an official proceeding as charged in Count One, by aiding and abetting others in committing this offense.  This is not a separate offense but merely another way in which the government alleges that the defendant committed this offense in Count One.

A person may be guilty of an offense if he aided and abetted another person in committing the offense.   A person who has aided and abetted another person in committing an offense is often called an accomplice.  The person whom the accomplice aids and abets is known as the principal.  It is not necessary that all the people who committed the crime be caught or identified.  It is sufficient if you find beyond a reasonable doubt that the crime was committed by

someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find the defendant guilty of obstruction of an official proceeding because the defendant aided and abetted others in committing this offense, you must find that the government proved beyond a reasonable doubt the following elements:

First, that others committed obstruction of an official proceeding by committing each of the elements of the offense charged, as I have explained above.

Second, that the defendant knew that obstruction of an official proceeding was going to be committed or was being committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of obstruction of an official proceeding.

Fifth, that the defendant did that act or acts with the intent that others commit the offense of obstruction of an official proceeding.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government must prove some affirmative participation by the defendant which at least encouraged others to commit the offense. That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense. The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aided, assisted, facilitated, or encouraged only one or some parts or phases of the offense. Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abettor.  If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate the defendant with the offense, you may not find the defendant guilty of obstruction of an official proceeding as an aider and abettor.  The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

A defendant may be found guilty of the offense charged in Count One if the defendant obstructed an official proceeding, attempted to obstruct an official proceeding, or aided and abetted obstruction of an official proceeding.  Each of these three ways of committing the offense is described in the instructions that I have given you.  If you find beyond a reasonable doubt that the defendant committed the offense of obstruction of an official proceeding in any one of these three ways, you should find the defendant guilty of Count One, and you need not consider whether the defendant committed the offense of obstruction of an official proceeding in the other two ways.

**Proposed Instruction No. 25**

**Count Two**
**Assaulting, Resisting, or Impeding Certain Officers**
**(18 U.S.C. § 111(a)(1))**

Count Two of the Indictment charges the defendant with assaulting, resisting, or impeding an officer or an employee of the United States who was then engaged in the performance of his official duties or any person assisting officers of the United States who are engaged in the performance of their official duties, which is a violation of federal law.

Count Two also charges the defendant with aiding and abetting others to commit that offense. First, I will explain the elements of the substantive offense, along with its associated definitions. Then, I will explain how to determine whether the defendant aided and abetted the offense.

**Elements**

To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with an officer and employee of the United States and any person assisting such an officer.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, the person assaulted, resisted, opposed, impeded, intimidated, or interfered with was an officer or an employee of the United States who was then engaged in the performance of his official duties or assisting officers of the United States who were then engaged in the performance of their official duties.

Fifth, the defendant made physical contact with that officer, or acted with the intent to commit another felony. For purposes of this element, "another felony" refers to the

18

offenses charged in Counts One and Three.

**Definitions**

A person acts "forcibly" if he used force, attempted to use force, or threatened to use force against the officer. Physical force or contact is sufficient but actual physical contact is not required. You may also find that a person who has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon that person acts forcibly. In such case, the threat must be a present one.[8]

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so. To find that the defendant committed an "assault," you must find beyond a reasonable doubt that the defendant intended to inflict or to threaten injury. Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility.[9]

---

[8] *United States v. Taylor*, 848 F.3d 476, 493 (1st Cir. 2017) (The element of 'forcible' action can be met by a showing of either physical contact with the federal agent, or by such a threat or display of physical aggression toward the officer as to inspire fear of pain, bodily harm, or death.") (quotation marks omitted) (citing cases). For a January 6 case using this definition, see *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 19).

[9] *United States v. Watts*, 798 F.3d 650, 654 (7th Cir. 2015) ("an assault may also be committed by a person who intends to threaten or attempt to make offensive rather than injurious physical contact with the victim"); *United States v. Acosta-Sierra*, 690 F.3d 1111, 1117 (9th Cir. 2012) ("Because Section 111 does not define assault, we have adopted the common law definition of assault as either (1) a willful attempt to inflict injury upon the person of another, or (2) a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm.") (quotation marks omitted); *Comber v. United States*, 584 A.2d 26, 50 (D.C. 1990) (en banc) (explaining that the crime of simple assault "is designed to protect not only against physical injury, but against all forms of offensive touching, . . . and even the mere threat of such touching"); Criminal Jury Instructions for the District of Columbia, No. 4.100 (2022 ed.) ("Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility."). For other January 6 trials that have used similar instructions, see *United States v. Jensen*, 21-cr-6 (TJK) (ECF No. 97 at 30), *United States v. Webster*, 21-cr-208 (APM) (ECF No. 101 at 14), and *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 23).

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings.

It is not necessary to show that the defendant knew the person being forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at that time, carrying out an official duty or assisting federal officers in carrying out an official duty so long as it is established beyond a reasonable doubt that the officer was, in fact, carrying out an official duty or assisting a federal officer acting in the course of his duty] and that the defendant intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with that officer.[10]

**Aiding and Abetting**

In this case, the government further alleges that the defendant committed assaulting officers as charged in Count Two, by aiding and abetting others in committing this offense.  This is not a separate offense but merely another way in which the government alleges that the defendant committed this offense in Count Two.

A person may be guilty of an offense if he aided and abetted another person in committing the offense.   A person who has aided and abetted another person in committing an offense is often called an accomplice.  The person whom the accomplice aids and abets is known as the principal.  It is not necessary that all the people who committed the crime be caught or identified.  It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find the defendant guilty of assaulting police officers because the defendant aided and abetted others in committing this offense, you must find that the government proved

---

[10] *United States v. Celentano*, 22-cr-186 (TJK) (ECF No. 64 at 12); *United States v. Thomas*, 21-cr-552 (DLF) (ECF No. 150 at 30).

beyond a reasonable doubt the following elements:

First, that others committed assaulting police officers by committing each of the elements of the offense charged, as I have explained above.

Second, that the defendant knew that assaulting police officers was going to be committed or was being committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of assaulting police officers.

Fifth, that the defendant did that act or acts with the intent that others commit the offense of assaulting police officers.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government must prove some affirmative participation by the defendant which at least encouraged others to commit the offense.  That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense.  The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aided, assisted, facilitated, or encouraged only one or some parts or phases of the offense.  Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances.  However, evidence that the defendant merely associated with persons involved in a criminal

venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abettor.  If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate the defendant with the offense, you may not find the defendant guilty of assaulting police officers as an aider and abettor.  The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

A defendant may be found guilty of the offense charged in Count Two if the defendant assaulted police officers, or aided and abetted the assault of police officers.  Each of these two ways of committing the offense is described in the instructions that I have given you.  If you find beyond a reasonable doubt that the defendant committed the offense of assaulting a police officer in either one of these two ways, you should find the defendant guilty of Count Two, and you need not consider whether the defendant committed the offense of assaulting police officers in the other way.

**Proposed Instruction No. 26**

**Count Three**
**Civil Disorder**
**(Violation of 18 U.S.C. §§ 231(a)(3))**

Count Three charges the defendant with obstructing law enforcement officers during a civil disorder, which is a violation of federal law.

Count Three also charges the defendant with attempt to obstruct law enforcement officers during a civil disorder and aiding and abetting others to commit that offense. First, I will explain the elements of the substantive offense, along with its associated definitions. Then, I will explain how to determine whether the defendant attempted the offense and whether the defendant aided and abetted the offense.

**Elements**

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant knowingly committed or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers.

Second, at the time of the defendant's actual or attempted act, the law enforcement officer or officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.

Third, the civil disorder in any way or degree obstructed, delayed, or adversely affected commerce or the movement of any article or commodity in commerce, or the conduct or performance of any federally protected function.

**Definitions**

The term "civil disorder" means any public disturbance involving acts of violence by

groups of three or more persons, which (a) causes an immediate danger of injury to another individual, (b) causes an immediate danger of damage to another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property.

The term "commerce" means commerce or travel between one state, including the District of Columbia, and any other state, including the District of Columbia.  It also means commerce wholly within the District of Columbia.[11]

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.[12]

The term "department" includes one of the departments of the executive branch (such as the Department of Homeland Security, which includes the United States Secret Service) or the legislative branch. The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States. The term "instrumentality" includes any other formal entity through which the government operates, such as Congress or the United Sates Capitol Police.[13]

---

[11] Modified definition of 18 U.S.C. § 232(2) from jury instructions in *United States v. Pugh*, 20-cr-73 (S.D. Ala. May 19, 2021); *see also United States v. Schwartz, et al.*, 21-cr-178 (APM) (ECF No. 172 at 18); *United States v. Thomas*, 21-cr-552 (DLF) (ECF No. 150 at 21).

[12] *See* 18 U.S.C. § 232(3).

[13] *See, e.g.*, *United States v. Water Supply & Storage Co.*, 546 F. Supp. 2d 1148, 1152 (D. Colo. 2008) ("'When Congress does not define a word, its common and ordinary usage may be obtained by reference to a dictionary.' *In re Overland Park Fin. Corp.*, 236 F.3d 1246, 1252 (10th Cir. 2001) (citation omitted). Dictionary definitions of the word 'instrumentality' generally are broad. Black's Law Dictionary defines 'instrumentality' as '[a] thing used to achieve an end or purpose.' Black's Law Dictionary 814 (8th ed. 1999). Webster's Third New International Dictionary defines 'instrumentality' as 'something by which an end is achieved' or "something that serves as an intermediary or agent through which one or more functions of a controlling force are carried out.' Webster's Third New International Dictionary 1172 (1971).").  For January

For the U.S. Capitol Police and Metropolitan Police Department on January 6, 2021, the term "official duties," means policing the U.S. Capitol Building and Grounds, and enforcing federal law and D.C. law in those areas.[14]

The term "knowingly" has the same meaning described in the instructions for Count One.

**Attempt**

In Count Three, the defendant is also charged with attempt to commit the crime of obstructing officers during a civil disorder. An attempt to commit obstructing officers during a civil disorder is a crime even if the defendant did not actually complete the crime.

In order to find the defendant guilty of attempt to commit obstructing officers during a civil disorder you must find that the government proved beyond a reasonable doubt each of the following elements:

First, that the defendant intended to commit the crime of obstructing officers during a civil disorder, as I have defined that offense above.

---

6 cases using this instruction, see *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 23) and *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 26).

[14] *United States v. Schwartz, et al.*, 21-cr-178 (APM) (ECF No. 172 at 19). *See, e.g.*, Fifth Circuit Pattern Criminal Jury Instruction No. 2.07; Tenth Circuit Pattern Criminal Jury Instruction No. 2.09; Eleventh Circuit Pattern Criminal Jury Instruction No. O1.1; *United States v. Smith*, 743 F. App'x 943, 949 (11th Cir. 2018) ("Furthermore, the district court instructed the jury regarding the Task Force's duties, stating: 'A member of the U.S. Marshals Regional Fugitive Task Force is a Federal officer and has the official duty to locate and apprehend fugitives.'"); *United States v. Green*, 927 F.2d 1005, 1008 (7th Cir. 1991) ("Given the sweep of the phrase 'official duties,' the district court did not err in instructing the jury that the duties of a federal prison employee, even a food service worker, extend to 'safekeeping, protection and discipline.'"); *United States v. Span*, 970 F.2d 573, 581 (9th Cir. 1992) ("The instruction states only that the activity of looking for a suspect is official conduct. We find no error in the district court's instruction characterizing this aspect of the marshals' conduct as official duty."); *United States v. Ellsworth*, 647 F.2d 957, 963 (9th Cir. 1981) ("'Instruction No. 10. Among the official duties of officers and agents of the United States Geological Service of the United States Interior Department are inspections of oil drilling apparatus to insure compliance with various Federal laws.' We think the above language of the charge employed by the trial judge reveals no insufficiency in defining the offense.").

Second, that the defendant took a substantial step toward committing obstructing officers during a civil disorder which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find the defendant guilty of attempt to commit obstructing officers during a civil disorder merely because the defendant thought about it.  You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty of attempt to commit obstructing officers during a civil disorder merely because the defendant made some plans to or some preparation for committing that crime.  Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit obstructing officers during a civil disorder. However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

**Aiding and Abetting**

In this case, the government further alleges that the defendant committed obstructing officers during a civil disorder as charged in Count Three, by aiding and abetting others in committing this offense.  This is not a separate offense but merely another way in which the government alleges that the defendant committed this offense in Count Three.

A person may be guilty of an offense if he aided and abetted another person in committing the offense.   A person who has aided and abetted another person in committing an offense is often called an accomplice.  The person whom the accomplice aids and abets is known

as the principal.  It is not necessary that all the people who committed the crime be caught or identified.  It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find the defendant guilty of obstructing officers during a civil disorder because the defendant aided and abetted others in committing this offense, you must find that the government proved beyond a reasonable doubt the following elements:

First, that others committed obstructing officers during a civil disorder by committing each of the elements of the offense charged, as I have explained above.

Second, that the defendant knew that obstructing officers during a civil disorder was going to be committed or was being committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of obstructing officers during a civil disorder.

Fifth, that the defendant did that act or acts with the intent that others commit the offense of obstructing officers during a civil disorder.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government must prove some affirmative participation by the defendant which at least encouraged others to commit the offense.  That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense.  The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aided, assisted, facilitated,

or encouraged only one or some parts or phases of the offense.  Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abettor.  If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate the defendant with the offense, you may not find the defendant guilty of obstructing officers during a civil disorder as an aider and abettor.  The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

A defendant may be found guilty of the offense charged in Count Three if the defendant obstructed officers during a civil disorder, attempted to obstruct officers during a civil disorder, or aided and abetted obstructing officers during a civil disorder. Each of these three ways of committing the offense is described in the instructions that I have given you.  If you find beyond a reasonable doubt that the defendant committed the offense of obstructing officers during a civil disorder in any one of these three ways, you should find the defendant guilty of Count Three, and you need not consider whether the defendant committed the offense of obstructing officers during a civil disorder in the other two ways.

28

**Proposed Instruction No. 27**

**Count Four**
**Entering and Remaining in a Restricted Building or Grounds**
**(Violation of 18 U.S.C. § 1752(a)(1))**

Count Four of the indictment charges the defendant with entering or remaining in a restricted building or grounds, which is a violation of federal law.

**Elements**

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

Second, the defendant did so knowingly.

**Definitions**

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

The term "knowingly" has the same meaning described in the instructions for Count One.

**Proposed Instruction No. 28**

**Count Five**
**Disorderly Conduct in a Restricted Building or Grounds**
**(Violation of 18 U.S.C. § 1752(a)(2))**

Count Five of the indictment charges the defendant with disorderly or disruptive conduct in a restricted building or grounds, which is a violation of federal law.

Count Five also charges the defendant with aiding and abetting others to commit that offense.  First, I will explain the elements of the substantive offense, along with its associated definitions.  Then, I will explain how to determine whether the defendant aided and abetted the offense.

**Elements**

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, that the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

Second, the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

Third, the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

**Definitions**

"Disorderly conduct" is conduct that tends to disturb the public peace or undermine public safety.[15] Disorderly conduct includes when a person acts in such a manner as to cause

---

[15] *United States v. Grider*, 21-cr-22 (CKK) (ECF No. 150 at 24) ("'[D]isorderly' conduct is that which 'tends to disturb the public peace, offend public morals, or undermine public safety.' 'Disorderly,' *Black's Law Dictionary* (9th ed. 2009); *see also* 'Disorderly,' *Oxford English Dictionary* (2nd ed. 1989) ('Not according to order or rule; in a lawless or unruly way;

another person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken, uses words likely to produce violence on the part of others, or is unreasonably loud and disruptive under the circumstances.[16]

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.[17]

The terms "restricted building or grounds" and "knowingly" have the same meanings described in the instructions for Count Four and Count One, respectively.

**Aiding and Abetting**

In this case, the government further alleges that the defendant committed disorderly or disruptive conduct in a restricted building or grounds as charged in Count Five, by aiding and abetting others in committing this offense. This is not a separate offense but merely another way in which the government alleges that the defendant committed this offense in Count Five.

A person may be guilty of an offense if he aided and abetted another person in committing the offense. A person who has aided and abetted another person in committing an offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal. It is not necessary that all the people who committed the crime be caught or identified. It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

---

tumultuously, riotously.')").

[16] *United States v. Schwartz, et al,*, 21-cr-178 (APM) (ECF No. 172 at 27); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 32); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 237-38).

[17] Redbook 6.643.

In order to find the defendant guilty of disorderly or disruptive conduct in a restricted building or grounds because the defendant aided and abetted others in committing this offense, you must find that the government proved beyond a reasonable doubt the following elements:

First, that others committed disorderly or disruptive conduct in a restricted building or grounds by committing each of the elements of the offense charged, as I have explained above.

Second, that the defendant knew that disorderly or disruptive conduct in a restricted building or grounds was going to be committed or was being committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of disorderly or disruptive conduct in a restricted building or grounds.

Fifth, that the defendant did that act or acts with the intent that others commit the offense of disorderly or disruptive conduct in a restricted building or grounds.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government must prove some affirmative participation by the defendant which at least encouraged others to commit the offense. That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense. The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aided, assisted, facilitated, or encouraged only one or some parts or phases of the offense. Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the

fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abettor.  If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate the defendant with the offense, you may not find the defendant guilty of disorderly or disruptive conduct in a restricted building or grounds as an aider and abettor.  The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

A defendant may be found guilty of the offense charged in Count Five if the defendant committed disorderly or disruptive conduct in a restricted building or grounds, or aided and abetted disorderly or disruptive conduct in a restricted building or grounds. Each of these two ways of committing the offense is described in the instructions that I have given you.  If you find beyond a reasonable doubt that the defendant committed the offense of disorderly or disruptive conduct in a restricted building or grounds in any one of these two ways, you should find the defendant guilty of Count Five, and you need not consider whether the defendant committed the offense of disorderly or disruptive conduct in a restricted building or grounds in the other way.

## Proposed Instruction No. 29

### Count Six
### Engaging in Physical Violence in a Restricted Building or Grounds
### (18 U.S.C. § 1752(a)(4))

Count Six of the Indictment charges the defendant with engaging in physical violence in a restricted building or grounds, which is a violation of federal law.

Count Six also charges the defendant with attempt to engage in physical violence in a restricted building or grounds and aiding and abetting others to commit that offense.  First, I will explain the elements of the substantive offense, along with its associated definitions.  Then, I will explain how to determine whether the defendant attempted the offense and whether the defendant aided and abetted the offense.

**Elements**

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in an act of physical violence against a person or property in, or in proximity to, a restricted building or grounds.

Second, the defendant did so knowingly.

**Definitions**

The term "act of physical violence" means any act involving an assault or other infliction of bodily harm on an individual; or damage to, or destruction of, real or personal property.

The terms "restricted building or grounds" and "knowingly" have the same meanings described in the instructions for Counts Four and One, respectively.

**Attempt**

In Count Six, the defendant is also charged with attempt to commit the crime of engaging

34

in physical violence in a restricted building or grounds. An attempt to commit engaging in physical violence in a restricted building or grounds is a crime even if the defendant did not actually complete the crime.

In order to find the defendant guilty of attempt to commit engaging in physical violence in a restricted building or grounds, you must find that the government proved beyond a reasonable doubt each of the following elements:

First, that the defendant intended to commit the crime of engaging in physical violence in a restricted building or grounds, as I have defined that offense above.

Second, that the defendant took a substantial step toward committing engaging in physical violence in a restricted building or grounds, which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find the defendant guilty of attempt to commit engaging in physical violence in a restricted building or grounds merely because the defendant thought about it. You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty of attempt to commit engaging in physical violence in a restricted building or grounds merely because the defendant made some plans to or some preparation for committing that crime. Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit engaging in physical violence in a restricted building or grounds. However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

**Aiding and Abetting**

In this case, the government further alleges that the defendant committed the crime of engaging in physical violence in a restricted building or grounds, as charged in Count Six, by aiding and abetting others in committing this offense. This is not a separate offense but merely another way in which the government alleges that the defendant committed this offense in Count Six.

A person may be guilty of an offense if he aided and abetted another person in committing the offense. A person who has aided and abetted another person in committing an offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal. It is not necessary that all the people who committed the crime be caught or identified. It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find the defendant guilty of engaging in physical violence in a restricted building or grounds because the defendant aided and abetted others in committing this offense, you must find that the government proved beyond a reasonable doubt the following elements:

First, that others committed the crime of engaging in physical violence in a restricted building or grounds by committing each of the elements of the offense charged, as I have explained above.

Second, that the defendant knew that the crime of engaging in physical violence in a restricted building or grounds was going to be committed or was being committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

36

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of the crime of engaging in physical violence in a restricted building or grounds.

Fifth, that the defendant did that act or acts with the intent that others commit the offense of the crime of engaging in physical violence in a restricted building or grounds.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government must prove some affirmative participation by the defendant which at least encouraged others to commit the offense. That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense. The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aided, assisted, facilitated, or encouraged only one or some parts or phases of the offense. Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abettor. If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate the defendant with the offense, you may not find the defendant guilty of engaging in physical violence in a restricted

building or grounds as an aider and abettor.  The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

A defendant may be found guilty of the offense charged in Count Six if the defendant the engaged in physical violence in a restricted building or grounds, attempted to engage in physical violence in a restricted building or grounds or aided and abetted engaging in physical violence in a restricted building or grounds. Each of these three ways of committing the offense is described in the instructions that I have given you.  If you find beyond a reasonable doubt that the defendant committed the offense of engaging in physical violence in a restricted building or grounds in any one of these three ways, you should find the defendant guilty of Count Six, and you need not consider whether the defendant committed the offense of engaging in physical violence in a restricted building or grounds in the other two ways.

**Proposed Instruction No. 30**

**Count Eight**
**Engaging in an Act of Physical Violence in the Grounds or Any of the Capitol**
**Buildings**
**(Violation of 40 U.S.C. § 5104(e)(2)(F))**

Count Eight of the Indictment charges the defendant with an act of physical violence in the Capitol Building or Grounds, which is a violation of federal law.

Count Eight also charges the defendant with aiding and abetting others to commit that offense. First, I will explain the elements of the substantive offense, along with its associated definitions. Then, I will explain how to determine whether the defendant aided and abetted the offense.

**Elements**

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in an act of physical violence within the Capitol Buildings or Grounds.

Second, the defendant acted willfully and knowingly.

**Definitions**

The term "act of physical violence" means any act involving an assault or other infliction or threat of infliction of death or bodily harm on an individual; or involving damage to, or destruction of, real or personal property. For purposes of this offense, unlike the offense in Count Six, the threat of infliction of bodily harm is sufficient to meet this definition.

The term "Capitol Buildings" includes the United States Capitol located at First Street, Southeast, in Washington, D.C. The "Capitol Grounds" includes the area depicted in Government's Exhibit 506.

39

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. While the government must show that a defendant knew that the conduct was unlawful, the government does not need to prove that the defendant was aware of the specific law that his conduct violated.[18]

**Aiding and Abetting**

In this case, the government further alleges that the defendant committed an act of physical violence in the Capitol Building or Grounds, as charged in Count Eight, by aiding and abetting others in committing this offense.  This is not a separate offense but merely another way in which the government alleges that the defendant committed this offense in Count Eight.

A person may be guilty of an offense if he aided and abetted another person in committing the offense.   A person who has aided and abetted another person in committing an offense is often called an accomplice.  The person whom the accomplice aids and abets is known as the principal.  It is not necessary that all the people who committed the crime be caught or identified.  It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find the defendant guilty of an act of physical violence in the Capitol Building or Grounds because the defendant aided and abetted others in committing this offense, you must find that the government proved beyond a reasonable doubt the following elements:

---

[18] As the Supreme Court has explained, "willfully" is "a word of many meanings whose construction is often dependent on the context in which it appears." *Bryan v. United States*, 524 U.S. 184, 191 (1998) (internal quotation marks omitted).  "As a general matter, when used in the criminal context, a 'willful' act is one undertaken with a bad purpose.  In other words, in order to establish a 'willful' violation of a statute, the Government must prove that the defendant acted with knowledge that his conduct was unlawful." *Id.* at 191-92 (internal quotation marks omitted).

First, that others committed an act of physical violence in the Capitol Building or Grounds by committing each of the elements of the offense charged, as I have explained above.

Second, that the defendant knew that an act of physical violence in the Capitol Building or Grounds was going to be committed or was being committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of an act of physical violence in the Capitol Building or Grounds.

Fifth, that the defendant did that act or acts with the intent that others commit the offense of an act of physical violence in the Capitol Building or Grounds.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government must prove some affirmative participation by the defendant which at least encouraged others to commit the offense. That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense. The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aided, assisted, facilitated, or encouraged only one or some parts or phases of the offense. Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal

venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abettor. If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate the defendant with the offense, you may not find the defendant guilty of an act of physical violence in the Capitol Building or Grounds, as an aider and abettor. The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

A defendant may be found guilty of the offense charged in Count Eight if the defendant committed an act of physical violence in the Capitol Building or Grounds, or aided and abetted an act of physical violence in the Capitol Building or Grounds. Each of these two ways of committing the offense is described in the instructions that I have given you. If you find beyond a reasonable doubt that the defendant committed the offense of an act of physical violence in the Capitol Building or Grounds in either one of these two ways, you should find the defendant guilty of Count Eight, and you need not consider whether the defendant committed the offense of an act of physical violence in the Capitol Building or Grounds in the other way.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CASE NO.: 21-CR-91 (RCL) |
| | : | |
| TAYLOR JAMES JOHNATAKIS, | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S WITNESS LIST

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia hereby provides a list of witnesses that the government may call during its case-in-chief.

- MPD Captain David Augustine
- MPD Officer Marc D'Avignon
- FBI Task Force Officer John Delgado
- MPD Officer Juan Gonzalez
- USSS Inspector Lani Hawa
- FBI Special Agent Michael Kiley
- MPD Sergeant Sean McCloskey
- USCP Captain Ronald Ortega
- Thomas Wickham[19]

---

[19] The government intends to call Mr. Wickham to testify about the certification proceeding that took place in Congress on January 6, 2021. As set out in its Motion to Reset the Trial Date, Mr. Wickham will be unavailable to testify beginning November 20, 2023. The government plans to call Mr. Wickham as its first witness. However, if jury selection takes more than two days to complete, the government reserves the right to call a different witness to testify about the joint session of Congress on January 6, 2021. The government does not yet know the name of that potential witness.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | **Case No. 21-CR-91 (RCL)** |
| | : | |
| TAYLOR JAMES JOHNATAKIS, | : | |
| | : | |
| Defendant. | : | |

GOVERNMENT'S PRELIMINARY EXHIBIT LIST

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby provides a preliminary list of exhibits that the government may use during its case-in-chief.[20] The government may supplement this list prior to trial. If the government modifies its exhibit list, it will promptly inform the defense and the Court.

---

[20] Prior versions of the government's exhibit list were provided to the defense on November 7, 2023, and November 10, 2023, respectively, along with copies of all of the government exhibits.

| Ex. No. | Description |
|---|---|
| **100 - 199** **United States Capitol Police Surveillance Video** ||
| 101 | 0920 Upper West Terrace 2:47 p.m. timestamp |
| **200-299** **Metropolitan Police Department Body-Worn Camera (BWC)** ||
| 201 | Body-worn camera footage of MPD Sergeant Sean McCloskey |
| 201A | Clip of body-worn camera footage of MPD Sergeant Sean McCloskey |
| 201A.1 | Screenshot |
| 201A.2 | Screenshot |
| 202 | Body-worn camera footage of MPD Captain David Augustine |
| 202A | Clip of body-worn camera footage of MPD Captain David Augustine |
| 203 | Body-worn camera footage of MPD Officer Josamarie Militar |
| 203A | Clip of body-worn camera footage of MPD Officer Josamarie Militar |
| 203A.1 | Screenshot |
| 204 | Body-worn camera footage of MPD Officer Juan Gonzalez |
| 204A | Clip of body-worn camera footage of MPD Officer Juan Gonzalez |
| 204A.1 | Screenshot |
| 204A.2 | Screenshot |
| 204A.3 | Screenshot |
| 204A.4 | Screenshot |
| 204A.5 | Screenshot |
| 204A.6 | Screenshot |
| 204A.7 | Screenshot |
| 204A.8 | Screenshot |
| 205 | Body-worn camera footage of MPD Officer Marc D'Avignon |
| 205A | Clip of body-worn camera footage of MPD Officer Marc D'Avignon |
| 205A.1 | Screenshot |
| 205A.2 | Screenshot |
| 205A.3 | Screenshot |
| 205A.4 | Screenshot |
| 205A.5 | Screenshot |
| 205A.6 | Screenshot |
| 205A.7 | Screenshot |
| 206 | Body-worn camera footage of MPD Officer Chadd Livezey |
| 206A | Clip of body-worn camera footage of MPD Officer Chadd Livezey |
| 206A.1 | Screenshot |
| 206A.2 | Screenshot |
| 206A.3 | Screenshot |
| 206A.4 | Screenshot |
| 206A.5 | Screenshot |
| 206A.6 | Screenshot |
| 207 | Body-worn camera footage of MPD Officer David Leaty |
| 207A | Clip of body-worn camera footage of MPD Officer David Leaty |
| 207A.1 | Screenshot |
| 207A.2 | Screenshot |
| 208 | Body-worn camera footage of MPD Officer Kevin Peralta |

| 208A | Clip of body-worn camera footage of MPD Officer Kevin Peralta |
|---|---|
| 208A.1 | Screenshot |
| 208A.2 | Screenshot |
| 208A.3 | Screenshot |
| 208A.4 | Screenshot |
| 208A.5 | Screenshot |
| 209 | Body-worn camera footage of MPD Officer Analee Jimenez |
| 209A | Clip of body-worn camera footage of MPD Officer Analee Jimenez |
| 209A.1 | Screenshot |
| 210 | Body-worn camera footage of MPD Officer Andre Davis |
| 210A | Clip of body-worn camera footage of MPD Officer Andre Davis |
| 210A.1 | Screenshot |
| **300 - 399** | |
| **Public and Open-Source Materials** | |
| 301 | J.H. Video |
| 301A | J.H. Video with defendant circled |
| 302 | Video Clip from PeasantsPerspective Podcast Recording "My 1st Hand account on the Front Line in DC, Jan 6th" |
| 303 | Clip from YouTube video Ep4NAQyCQ3U&t=11 |
| 304 | Full Audio from PeasantsPerspective Podcast Recording "My 1st Hand account on the Front Line in DC, Jan 6th" |
| 305 | Clip from YouTube video "Trump Supporters Rally in Washington DC, Day 2 !" |
| 306 | Video from G.B. Cellphone |
| 307 | What Parlor Saw Video from Southwest Stairs |
| 308 | Video Captured from TaylorJohnatakis Facebook Account |
| 309 | peasantsPod Tweet dated 1.5.2021 |
| 310 | peasantsPod Tweet dated 1.5.2021 |
| 311 | peasantsPod Tweet dated 1.6.2021 |
| 312 | peasantsPod Tweet dated 1.7.2021 |
| **400-499** | |
| **U.S. Senate and Congressional Records** | |
| 401 | Senate and House Official Proceeding Compilation Video |
| 402 | Certificate of Authenticity of Senate Recording Studio Videos |
| 403 | Certificate of Authenticity of House Recording Studio Videos |
| 404 | U.S. Constitution Amendment XII |
| 405 | 3 U.S.C. Section 15 |
| 406 | 3 U.S.C. Section 16 |
| 407 | 3 U.S.C. Section 17 |
| 408 | 3 U.S.C. Section 18 |
| 409 | Senate Concurrent Resolution |
| 410 | Congressional Record – Senate (Vol. 167, No. 4, S13, S14, S18) |
| 411 | Congressional Record – House (Vol. 167, No. 4, H75, H76, H84, H85) |
| **500 - 599** | |
| **Capitol Grounds Evidence** | |
| 501 | West front time lapse video |
| 502 | Montage Video of Breach Timeline |

| 503 | Photograph of U.S. Capitol with signs |
|---|---|
| 504 | Photograph of "AREA CLOSED" sign |
| 505 | Aerial photograph of the Capitol Building and Grounds |
| 506 | Map of Restricted Perimeter |
| 507 | US Capitol Grounds map |
| 508 | Still of 3D Model of US Capitol |
| 509 | Overhead view of US Capitol |
| 510 | Still of 3D Model of West Front of US Capitol |
| 511 | Still of 3D Model Overhead View of West Front |
| 512 | Still of 3D Model of US Capitol West Front |
| 513 | Area Closed Sign Photograph |
| **600 - 699** | |
| **U.S. Secret Service Exhibits** | |
| 601 | HOS Notification Email – Visit of VP Pence and Family |
| 602 | USSS HOS Notification – VP President Pence 01.06.21 9 (REDACTED) |
| 603 | USSS-3 – Video of VP Pence departing Senate members staircase |
| 604 | USSS-2 – Video of East Side of the Capitol: VP vehicles moving |
| 605 | E.G. Radio Communication (14:14:42) |
| 606 | E.G. Radio Communication (14:20:19) |
| 607 | E.G. Radio Communication (14:21:49) |
| **700-799** | |
| **Content of Electronic Devices** | |
| 701 | Photograph on 1.6.2021 at 12:32 p.m. |
| 701A | Cellebrite Report of Photograph on 1.6.2021 at 12:32 p.m. |
| 702 | Photograph on 1.6.2021 at 1:17 p.m. |
| 702A | Cellebrite Report of Photograph on 1.6.2021 at 1:17 p.m. |
| 703 | Photograph on 1.6.2021 at 1:57 p.m. |
| 703A | Cellebrite Report of Photograph on 1.6.2021 at 1:57 p.m. |
| 704 | Photograph on 1.6.2021 at 2:49 p.m. |
| 704A | Cellebrite Report of Photograph on 1.6.2021 at 2:49 p.m. |
| 705 | Photograph on 1.6.2021 at 2:50 p.m. |
| 705A | Cellebrite Report of Photograph on 1.6.2021 at 2:50 p.m. |
| 706 | Photograph on 1.6.2021 at 2:50 p.m. |
| 706A | Cellebrite Report of Photograph on 1.6.2021 at 2:50 p.m. |
| 707 | Photograph on 1.6.2021 at 3:04 p.m. |
| 707A | Cellebrite Report of Photograph on 1.6.2021 at 3:04 p.m. |
| 708 | Photograph on 1.6.2021 at 3:45 p.m. |
| 708A | Cellebrite Report of Photograph on 1.6.2021 at 3:45 p.m. |
| 709 | Photograph on 1.6.2021 at 3:45 p.m. |
| 709A | Cellebrite Report of Photograph on 1.6.2021 at 3:45 p.m. |
| 710 | Photograph on 1.6.2021 at 4:19 p.m. |
| 710A | Cellebrite Report of Photograph on 1.6.2021 at 4:19 p.m. |
| 711 | Photograph on 1.6.2021 at 4:21 p.m. |
| 711A | Cellebrite Report of Photograph on 1.6.2021 at 4:21 p.m. |
| 712 | Screenshot on 11.10.20 at 8:10 p.m. |
| 712A | Cellebrite Report of Screenshot on 11.10.20 at 8:10 p.m. |
| 713 | Screenshot on 2.2.21 at 11:02 p.m. |

| | |
|---|---|
| 713A | Cellebrite Report of Screenshot on 2.2.21 at 11:02 p.m. |
| 714 | Cellebrite Report of Calendar Entry on 1.5.2021 Reservation at Hyatt |
| 715 | Cellebrite Report of Calendar Entry on 1.5.2021 Flight to Charlotte |
| 716 | Cellebrite Report of Calendar Entry on 1.5.2021 Flight to Chicago |
| 717 | Cellebrite Report of Calendar Entry on 1.6.2021 Flight to Baltimore |
| 718 | Cellebrite Report of Calendar Entry on 1.7.2021 Flight to Salt Lake City |
| 719 | Cellebrite Report of Calendar Entry on 1.7.2021 Flight to Dallas |
| 720 | Cellebrite Report of Calendar Entry on 1.8.2021 Flight to Seattle |
| 721 | Audio Recording on 1.8.2021 |
| 721A | Cellebrite Report of Audio Recording on 1.8.2021 |
| 722 | Audio Recording on 1.13.2021 |
| 722A | Cellebrite Report of Audio Recording on 1.13.2021 |
| 723 | Email on 1.2.2021 with Flight Reservations |
| 724 | Cellebrite Report of Account User Information for Telegram |
| 725 | Video on 11.8.2020 at 10:28 p.m. |
| 725A | Cellebrite Report of Video on 11.8.2020 at 10:28 p.m. |
| 726 | Video on 1.5.2021 at 8:41 p.m. |
| 726A | Cellebrite Report of Video on 1.5.2021 at 8:41 p.m. |
| 727 | Video on 1.6.2021 at 11:58 a.m. |
| 727A | Cellebrite Report of Video on 1.6.2021 at 11:58 a.m. |
| 728 | Video on 1.6.2021 at 12:06 p.m. |
| 728A | Cellebrite Report of Video on 1.6.2021 at 12:06 p.m. |
| 729 | Video on 1.6.2021 at 12:45 p.m. |
| 729A | Cellebrite Report of Video on 1.6.2021 at 12:45 p.m. |
| 730 | Video on 1.6.2021 at 12:45 p.m. |
| 730A | Cellebrite Report of Video on 1.6.2021 at 12:45 p.m. |
| 731 | Video on 1.6.2021 at 12:45 p.m. |
| 731A | Cellebrite Report of Video on 1.6.2021 at 12:45 p.m. |
| 732 | Video on 1.6.2021 at 12:45 p.m. |
| 732A | Cellebrite Report of Video on 1.6.2021 at 12:45 p.m. |
| 733 | Video on 1.6.2021 at 1:17 p.m. |
| 733A | Cellebrite Report of Video on 1.6.2021 at 1:17 p.m. |
| 734 | Video on 1.6.2021 at 1:17 p.m. |
| 734A | Cellebrite Report of Video on 1.6.2021 at 1:17 p.m. |
| 735 | Video on 1.6.2021 at 1:38 p.m. |
| 735A | Cellebrite Report of Video on 1.6.2021 at 1:38 p.m. |
| 736 | Video on 1.6.2021 at 2:27 p.m. |
| 736A | Cellebrite Report of Video on 1.6.2021 at 2:27 p.m. |
| 737 | Video on 1.6.2021 at 2:37 p.m. |
| 737A | Cellebrite Report of Video on 1.6.2021 at 2:37 p.m. |
| 738 | Video on 1.6.2021 at 2:49 p.m. |
| 738A | Cellebrite Report of Video on 1.6.2021 at 2:49 p.m. |
| 739 | Video on 1.6.2021 at 2:50 p.m. |
| 739A | Cellebrite Report of Video on 1.6.2021 at 2:50 p.m. |
| 740 | Video on 1.6.2021 at 2:50 p.m. |
| 740A | Cellebrite Report of Video on 1.6.2021 at 2:50 p.m. |
| 741 | Video on 1.6.2021 at 3:03 p.m. |

| | |
|---|---|
| 741A | Cellebrite Report of Video on 1.6.2021 at 3:03 p.m. |
| 742 | Video on 1.6.2021 at 3:10 p.m. |
| 742A | Cellebrite Report of Video on 1.6.2021 at 3:10 p.m. |
| 743 | Video on 1.6.2021 at 4:19 p.m. |
| 743A | Cellebrite Report of Video on 1.6.2021 at 4:19 p.m. |
| 744 | Video on 1.6.2021 at 4:19 p.m. |
| 744A | Cellebrite Report of Video on 1.6.2021 at 4:19 p.m. |
| 745 | Video on 1.6.2021 at 4:23 p.m. |
| 745A | Cellebrite Report of Video on 1.6.2021 at 4:23 p.m. |
| 746 | Video on 1.6.2021 at 4:27 p.m. |
| 746A | Cellebrite Report of Video on 1.6.2021 at 4:27 p.m. |
| 747 | Video on 1.6.2021 at 4:30 p.m. |
| 747A | Cellebrite Report of Video on 1.6.2021 at 4:30 p.m. |
| 748 | *Intentionally Left Blank* |
| 749 | *Intentionally Left Blank* |
| 750 | Summary of Phone Evidence |
| 751 | Certification of CART examiner pursuant to Rule 902(14) |
| **800-999** **Safeway Stores Exhibits** | |
| 801 | Safeway Email Disclosure |
| 802 | Safeway Mid-Atlantic Daily Sales Report, 1/5/21 through 1/7/21 |
| 803 | Safeway Business Records Certification |
| **900-999** **Social Media Evidence** | |
| 901 | Content from Taylor-Johnatakis Facebook Account |
| 901A | Subscriber Information for Taylor-Johnatakis Facebook Account |
| 901B | 11.04.2020 Message to R.A. |
| 901C | 1.6.2021 Messages with D.F. |
| 901D | 1.13.2021 Messages with S.G. |
| 901E | 1.6.2021 Messages with PJB |
| 901F | 1.7.2021 Messages with D.M. |
| 901G | 12.6.2020 Messages with B.A. |
| 901H | 1.6.2021 Group Messages |
| 901I | 1.6.2021 Trump Speaks Status and Video |
| 901J | 1.6.2021 Messages with J.R. |
| 901K | 1.5.2021 Plane Video |
| 901L | 1.5.2021 Steps in Washington Monument Video |
| 901M | 1.5.2021 Five Guys Video |
| 901N | 1.6.2021 Stop the Steal Post |
| 901O | 1.6.2021 Messages and Video to C.B. |
| 901P | 1.6.2021 Messages with C.B. 2 |
| 901Q | 1.7.2021 Messages and Video to K.W. |
| 901R | 11.14.2020 Messages with D.J. |
| 901S | Certification of Authenticity of Business Records from Meta Inc. pursuant to Rule 902(11) |
| 902 | Content from peasantsPod Facebook Account |
| 902A | Subscriber Information for peasantsPod Facebook Account |

| 902B | 1.5.2021 Status Post |
|------|---------------------|
| 902C | 1.5.2021 Status Post |
| 902D | 1.6.2021 Status Post #stopthesteal |
| 902E | 1.6.2021 Status Post Sardines for Trump |
| 902F | 11.9.2020 Message from C.B. |
| 902G | 1.7.2021 Messages with D.S. |
| 902H | 1.5.2021 Video at Airport |
| 902I | Certification of Authenticity of Business Records from Meta Inc. pursuant to Rule 902(11) |
| 903 | Content from taylorjohnatakis Instagram Account |
| 903A | Subscriber Information for taylorjohnatakis Instagram Account |
| 903B | 1.7.2021 Messages with R.G. |
| 903C | 1.6.2021 Messages with J.J. |
| 903D | 1.6.2021 Story |
| 903E | 1.6.2021 Story |
| 903F | Certification of Authenticity of Business Records from Meta Inc. pursuant to Rule 902(11) |
| 904 | Content from Twitter Account peasantspod |
| 904A | Subscriber Information for peasantspod Twitter Account |
| 904B | 12.28.2020 Tweet |
| 904C | 1.1.2021 Tweet |
| 904D | 1.1.2021 Tweet |
| 904E | 1.1.2021 Tweet |
| 904F | 1.3.2021 Tweet |
| 904G | 1.5.2021 Tweet |
| 904H | 1.5.2021 Tweet |
| 904I | 1.5.2021 Tweet |
| 904J | 1.6.2021 Tweet |
| 904K | Certification of Authenticity of Business Records from X Corp. pursuant to Rule 902(11) |
| **1000-1099**<br>**Physical Evidence** | |
| 1001 | Seized iPhone 12 mini with serial number C7CDM5VL0GRN |
| **1100-1199**<br>**Miscellaneous** | |
| 1101 | Email from Johnatakis to FBI |
| 1102 | Attachment to Email from Johnatakis to FBI |

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | **CASE NO.: 21-CR-91 (RCL)** |
| | : | |
| TAYLOR JAMES JOHNATAKIS, | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S PROPOSED VERDICT FORM

We, the jury in the above-titled case, find the defendant:

**Count 1:**      **Obstruction of an Official Proceeding**

_____                         _____
Guilty                                                          Not Guilty

**Count 2:**      **Assaulting, Resisting, or Impeding Certain Officers**

_____                         _____
Guilty                                                          Not Guilty

**Count 3:**      **Civil Disorder**

_____                         _____
Guilty                                                          Not Guilty

**Count 4:**      **Entering and Remaining in a Restricted Building or Grounds**

_____                         _____
Guilty                                                          Not Guilty

**Count 5:**       **Disorderly and Disruptive Conduct in a Restricted Building or Grounds**

_____                          _____
Guilty                                              Not Guilty

**Count 6:**       **Engaging in Physical Violence in a Restricted Building or Grounds**

_____                          _____
Guilty                                              Not Guilty

**Count 8:**       **Act of Physical Violence in the Capitol Grounds or Buildings**

_____                          _____
Guilty                                              Not Guilty

Dated: _____                          _____
                                                    Signature of Foreperson