**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CASE NO.: 21-CR-91 (RCL) |
| TAYLOR JAMES JOHNATAKIS, | : |
| Defendant. | : |

## [PROPOSED] ORDER

Upon the request of the government for a written statement of reasons addressing the exclusion of time under the Speedy Trial Act for certain periods in this case, the Court makes the following findings.

Defendant Taylor James Johnatakis was indicted on February 5, 2021, by a grand jury in the District of Columbia, and charged with a host of felonies alleging his violent participation in the riot at the U.S. Capitol on January 6. ECF 3. He was arrested on February 11, 2021, in the Western District of Washington. Minute Entry, Feb. 11, 2021. He has been released on conditions throughout the pendency of this case. ECF 12. Trial is scheduled to begin on November 16, 2023. Minute Entry, Oct. 18, 2023.

Beginning long before Johnatakis's indictment and long before his alleged crimes, proceedings in this district, and around the country, were impacted by the effects of the COVID-19 pandemic. In March 2020, the pandemic forced this judicial district to postpone all approaching jury trials. *United States v. Taylor*, No. CR 18-198 (JEB), 2020 WL 7264070, at *1 (D.D.C. Dec. 10, 2020). The pandemic forced the District of Columbia and the President of the United States to declare a state of emergency, *see* Gov't of the Dist. of Columbia, *Declaration of Public Emergency: Coronavirus (COVID-19)* (Mar. 11, 2020); Proclamation No. 9994, *Declaring a*

1

*National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak*, 85 Fed. Reg. 15,337 (Mar. 13, 2020), and the Centers for Disease Control and Prevention (CDC) recommended that the public avoid large social gatherings and indoor spaces to the extent possible, and practice physical distancing (at least six feet apart) from other individuals.

In this district, then-Chief Judge Beryl A. Howell issued a series of orders governing District Court operations during the pandemic. The first such order came on March 16, 2020, and rested upon the following factual findings:

> (a) the state of emergency declared by the Mayor of the District of Columbia on March 11, 2020 and the national emergency declared by the President of the United States on March 13, 2020; (b) confirmation, as of [March 16], that over 100 people in the District of Columbia, Maryland and Virginia have tested positive for coronavirus; (b) [sic] guidance from the Centers for Disease Control and Prevention (CDC) and other public health authorities that limiting personal contacts and public gatherings are necessary to reduce the possibility of exposure to the virus and to slow the community spread of the disease; (c) guidance from the CDC that large events and mass gatherings can contribute to the spread of COVID-19 and that events and mass gatherings involving 50 or more people should be postponed for at least eight weeks; (d) guidance from the CDC that certain categories of persons are at higher risk of becoming seriously ill from COVID-19, including older adults and those with chronic medical conditions such as heart disease, diabetes and lung disease, and that such persons should stay at home as much as possible; (e) the closing of all area school districts for at least two weeks, which impinges on the availability of courthouse staff, jurors and counsel; and (f) other restrictions placed on public gatherings by the Mayor of the District of Columbia and other local jurisdictions, reflecting the seriousness of the need to combat the community spread of the virus[.]

Standing Order 20-9 (D.D.C. Mar. 16, 2020) at 1–2 (citations omitted) (available at https://www.dcd.uscourts.gov/coronavirus-covid-19-response-information-and-announcements). In light of those circumstances, then-Chief Judge Howell ordered that all criminal and civil jury selections and trials scheduled to commence before May 11, 2020, be postponed. *Id.* at 2. The Standing Order further stated that the time period from March 17 through May 11, 2020, was excluded under the Speedy Trial Act for all criminal trials because "the ends of justice served by these continuances to protect public health and safety and the fair trial rights of the defendant

2

outweigh the best interests of the public and any defendant's right to a speedy trial." *Id.* at 2 (citing 18 U.S.C. § 3161(h)(7)(A)). It likewise noted that judges presiding over individual criminal cases "may make additional findings and exclude additional time, as necessary and appropriate." *Id.* at 2–3.

As the COVID-19 public-health crisis exploded in the ensuing months, then-Chief Judge Howell — in consultation with her colleagues as well as with the U.S. Attorney's Office, the D.C. Federal Public Defender, and other defense counsel — announced additional postponements of jury trials and exclusions of time under the Speedy Trial Act. *See* Standing Order 20-19 (D.D.C. Apr. 2, 2020) at 2–3 (postponing trials until June 11, 2020); Standing Order 20-29 (D.D.C. May 26, 2020) at 3–4 (postponing trials until August 1, 2020); Standing Order 20-62 (D.D.C. July 9, 2020) at 2–3 (postponing trials until September 8, 2020); Standing Order 20-68 (D.D.C. Aug. 10, 2020) at 2–3 (postponing trials until November 9, 2020); Standing Order 20-89 (D.D.C. Nov. 6, 2020) at 3–5 (postponing almost all trials until January 11, 2021)[1]; Standing Order 20-93 (D.D.C. Dec. 17, 2020) at 4-5 (postponing trials until March 15, 2021); Standing Order 21-10 (D.D.C. Mar. 5, 2021) at 4-5 (allowing for limited number of criminal trials under strict regulations, prioritizing trials with detained defendants, and excluding time until August 31, 2021); Standing Order 21-47 (D.D.C. Aug. 25, 2021) at 7-8 (continuing the limits on number of trials under strict regulations, prioritizing trials with detained defendants, and excluding time until October 31, 2021); Standing Order 21-62 (D.D.C. Nov. 1, 2021) at 5-7 (continuing the limits on number of trials under strict

---

[1] Although the November 6 Standing Order allowed for the resumption of a "limited number" of single-defendant trials of short duration with few and primarily local witnesses, *see* Standing Order 20-89 at 4, then-Chief Judge Howell subsequently suspended that narrow exception before any qualifying trials could begin in light of a spike in local positive cases and new citywide restrictions. *See* Standing Order 20-91 (D.D.C. Nov. 24, 2020) at 1–2 (superseding Standing Order 20-89 and suspending all trials until January 11, 2021).

regulations, prioritizing trials with detained defendants, and excluding time until December 15, 2021); Standing Order 21-79 (D.D.C. Dec. 13, 2021) at 6-7 (continuing the limits on number of trials and excluding time until February 18, 2022); Standing Order 22-07 (D.D.C. Feb. 15, 2022) at 7-9 (excluding time for jury trials until May 13, 2022). In so doing, the Standing Orders both reaffirmed prior findings and referenced additional justifications for continuances, including rising regional rates of COVID-19 cases, stay-at-home orders, limitations on gatherings of more than ten people, and concerns regarding in-court proceedings communicated by the USAO-DC and FPD. As recently as February 2022, the Chief Judge found that "conducting jury trials without the health and safety protocols and limitations [described in this series of Standing Orders] would jeopardize public health and safety and pose significant risks of exposure and transmission of the virus to trial participants, which would make continuation of a trial impossible or result in a miscarriage of justice." *See* Standing Order 22-07 at 8-9.

Due to the COVID-19 pandemic, and for all the reasons set forth in the many Standing Orders cited above, jury trials in this district were either non-existent or extremely limited from the time Johnatakis was indicted up to May 13, 2022. Standing Orders applicable in this district explained the host of reasons to exclude time under the Speedy Trial Act in the interest of justice, because the health risks involved in failing to grant continuances in all criminal cases—including in this case—would make continuation of the proceedings impossible and result in a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B)(i). To ensure the record is complete, this Court adopts all of those findings and hereby incorporates them into the record of this case. As described herein, to the extent the Court did not articulate its intent or reasons to toll Speedy Trial pursuant to § 3161, its intent was nevertheless contemporaneous and undisputed.

As the ability to conduct some limited number of trials began to mitigate, the health and

4

safety risks for certain types of trials of limited length and minimal complexity were tolerable when mitigated by the court's safety precautions. *See Taylor*, 2020 WL 7264070, at *5. Like *Taylor*, however, "this trial is precisely the type in which delay is particularly warranted." Between February 2021 and May 13, 2022, the case involved three co-defendants, each with their own defense teams, and a government case-in-chief expected to last more than just a few days.[2] The prosecution involved a host of witnesses including three separate FBI case agents with primary investigative responsibility for each of the three separate defendants who would be expected to travel to the District from out of state. In addition, with three defendants (during that time), more Deputy United States Marshals would have been needed; "their presence, along with other court staff, will ensure no shortage of bodies in the courtroom." *Id.* at *5. And with all three co-defendants released on conditions, the risk to the defendants themselves of exposure to infection was mitigated; allowing the case to proceed to trial would only have heightened their possibility of exposure to the virus.

For these reasons (and others, as noted below), the Court continued the trial in this case. These Standing Orders inform the Court's findings—not articulated at the time but placed on the record now—that the time between February 5, 2021 and May 13, 2022, is excluded from the computation of time within which trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7). *See United States v. Bryant*, 523 F.3d 349, 361 (D.C. Cir. 2008) (finding that the Court need not state its reasoning for continuing the trial at the time, but can put its findings on the record at a later time) (citing *Zedner v. United States*, 547 U.S. 489, 507 (2006)).

Finally, the Court notes that in addition to the reasons for excluding time set forth herein,

---

[2] Only later, on August 31, 2022, did co-defendants Sturgeon and then Bingert move to sever their trials from Johnatakis's, and only on March 23, 2023, did this Court grant a severance of the trials. *See* Minute Entry, Mar. 23, 2023.

additional reasons for exclusion of time may apply to all or some of the time periods during which this case was pending. Those include the periods of delay resulting from other proceedings concerning the three defendants, such as Johnatakis's evaluations to determine his mental competency and the delay resulting from pretrial motions. Those also include the periods of delay resulting from continuances that were required because the ends of justice served by continuing the proceeding outweighed the best interest of the public and the defendant in a speedy trial, including the extraordinary and voluminous discovery produced in this case (as described in numerous status reports filed by the government throughout the pendency of the case), the need to balance the needs of three codefendants and their counsel for the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Nothing in this Order shall affect the exclusion of time for those additional or alternative reasons not discussed herein.

Accordingly, it is hereby ORDERED that the time between February 5, 2021, and May 13, 2022, is excluded from the computation of time within which trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*

Dated: 11/15/23

HON. ROYCE C. LAMBERTH
United States District Judge