```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

 * * * * * * * * * * * * * * *
UNITED STATES OF AMERICA,      )  Criminal Action
                               )  No. 21-091
vs.                            )
                               )
CRAIG MICHAEL BINGERT, et al., )  March 23, 2023
           Defendants.         )  3:32 p.m.
                               )  Washington, D.C.
 * * * * * * * * * * * * * * *
```

**TRANSCRIPT OF STATUS CONFERENCE
BEFORE THE HONORABLE JUDGE ROYCE C. LAMBERTH,
UNITED STATES DISTRICT COURT SENIOR JUDGE**

*(All parties appearing by video teleconference)*


<u>**APPEARANCES**</u>:


FOR THE UNITED STATES:
           KAITLIN KLAMANN
           U.S. Attorney's Office
           for the District of Columbia
           601 D Street NW
           Washington, DC 20530
           (202) 252-6778
           Email: kaitlin.klamann@usdoj.gov

FOR DEFENDANT BINGERT:
           ALLEN HOWARD ORENBERG
           The Orenberg Law Firm, P.C.
           12505 Park Potomac Avenue, 6th Floor
           Potomac, MD 20854
           (301) 984-8005
           Email: aorenberg@orenberglaw.com

FOR DEFENDANT STURGEON:
           MARIA JACOB
           Office of the Federal Public Defender
           625 Indiana Avenue NW
           Washington, DC 20004
           (202) 208-7500
           Email: maria_jacob@fd.org

<u>*(Appearances Continued)*</u>

<u>APPEARANCES (Continued)</u>:

FOR DEFENDANT JOHNATAKIS:

                  CHRIS BLACK
                  Black & Askerov, PLLC
                  705 2nd Avenue, Suite 1111
                  Seattle, WA 98104
                  (206) 623-1604
                  Email: chris@blacklawseattle.com

Court Reporter:        Elizabeth Saint-Loth, RPR, FCRR
                  Official Court Reporter

*This hearing was held via videoconference and/or telephonically and is, therefore, subject to the limitations associated with audio difficulties while using technology, i.e., audio feedback, overlapping speakers, static interference, etc.*

Proceedings reported by machine shorthand.
Transcript produced by computer-aided transcription.

```
 1                    P R O C E E D I N G S
 2              THE COURT:  Good afternoon, Your Honor.
 3              We are on the record in Criminal Case No. 21-091,
 4     United States of America versus Defendant 1, Craig Bingert;
 5     Defendant 2, Isaac Sturgeon; and Defendant 3, Taylor
 6     Johnatakis.
 7              Starting with the government, please state your
 8     appearance for the record.
 9              MS. KLAMANN:  Good afternoon, Your Honor.
10     Kaitlin Klamann for the United States.
11              MS. JACOB:  Good afternoon, Your Honor.
12     Maria Jacob appearing on behalf of Mr. Sturgeon, who is
13     present here by video.
14              MR. ORENBERG:  Good afternoon, Your Honor.
15     Allen Orenberg, who is here and present with Craig Michael
16     Bingert who is also appearing by video and consenting to
17     doing so.
18              MR. BLACK:  Good afternoon, Your Honor,
19     Chris Black.  I am here as standby counsel for
20     Mr. Johnatakis.  I understand that that is an issue that we
21     will likely address this afternoon.  I will let
22     Mr. Johnatakis introduce himself.
23              MR. JOHNATAKIS:  I am Taylor James Johnatakis.
24              I am here by special appearance, not the general
25     appearance; and I reserve all of my rights with explicit
```

1    reservation without prejudice.
2             THE COURT:  Okay.  And let me have -- Mr. Bingert,
3    can you hear me all right?
4             Hold your hand up.
5             DEFENDANT BINGERT:  Yes, I can.
6             THE COURT:  Mr. Sturgeon, can you hear me all
7    right?
8             DEFENDANT STURGEON:  Yes, Your Honor.
9             THE COURT:  All right.  Let me start with -- the
10   first question we'll try to address is Mr. Johnatakis's
11   status.  Let me have Mr. Black explain to me where you are
12   in this process.
13            I don't have a transcript of our last discussion
14   when we were here.  But as I -- well, let me have you go
15   first, and I will tell you my recollection.  You tell me
16   where you think we are in the process.
17            DEFENDANT JOHNATAKIS:  Judge, prior to that, does
18   the record reflect that this attorney has a duty not to
19   argue the facts, law, jurisdiction, or venue; to request the
20   appearance bond; and waiving all public costs to request the
21   account be closed, and an order of the Court --
22            THE COURT:  You are talking --
23            DEFENDANT JOHNATAKIS:  -- and an order of the
24   Court be issued to me immediately to request --
25            THE COURT:  Would you stop.

1               Let me say to you you are talking too fast, I
2      can't understand your words.
3               Slow down.
4               DEFENDANT JOHNATAKIS:  Yes.
5               Judge, does the record reflect that this attorney
6      has a duty not to argue the facts, law, jurisdiction, or
7      venue; to request the appearance bond; waiving all public
8      costs; to request the account be closed; and the order of
9      the Court be issued to me immediately; request, adjust, and
10     set off all public charges by the exemption in accordance
11     with public policy, and to request --
12              THE COURT:  Well, you are talking pure nonsense,
13     Mr. Johnatakis.
14              The account is not going to be closed.  I told you
15     there is going to be a trial on the charges, so you are just
16     talking utter nonsense to me right now.
17              I am going to talk to this attorney first, and
18     then I am going to talk to you.  If you want to represent
19     yourself, we have to have a discussion about your
20     representing yourself.
21              If you can't have a discussion about this with
22     me -- and I don't intend to go into great length, but you
23     have to have a discussion with me and convince me that you
24     have the right to represent yourself and not have an
25     attorney, speak in front of the jury, then we will have a

1  discussion of that. But you can't be interrupting me every
2  time I try to speak.
3          Do you understand me?
4          DEFENDANT JOHNATAKIS: Judge, I am here by special
5  appearance, and reserve all of my rights with explicit
6  reservation --
7          THE COURT: You are not making any special
8  appearance here. You are here because you have been
9  indicted by a grand jury. You are going to trial. And I am
10 having a pretrial proceeding right now.
11         There is no special appearance. You have been
12 indicted by a grand jury. And you are going to trial on
13 charges that there is probable cause that you have committed
14 these crimes.
15         There is no special appearance. I don't know what
16 you are talking about. That is total nonsense. If you
17 don't understand that, maybe I need to have a medical
18 examination of you to see if you are competent to face these
19 charges.
20         DEFENDANT JOHNATAKIS: Judge, is that a new offer?
21 Are you making a new claim about --
22         THE COURT: I am not offering you anything. I
23 don't make offers. I am the judge.
24         DEFENDANT JOHNATAKIS: May I please have an order
25 of the Court, then?

1            THE COURT: No, you cannot have anything until I
2    talk to your attorney first.
3            Now, Mr. Black, tell me what you think the current
4    status of this is.
5            MR. BLACK: Thank you, Your Honor.
6            My recollection of the proceedings regarding this
7    issue thus far are: I filed a motion to withdraw as counsel
8    so Mr. Johnatakis could represent himself. The Court set a
9    hearing on that and conducted the Faretta hearing. At the
10   end of that hearing, the Court advised Mr. Johnatakis
11   against representing himself but said that it would let him
12   represent himself if he chose to do that.
13           The Court set a follow-up hearing where my partner
14   appeared on my behalf. At that point, Mr. Johnatakis
15   maintained his intention to represent himself, and my
16   understanding is that the Court allowed him to do that.
17           Then the outstanding issue was whether or not I
18   would be appointed as standby counsel. My partner indicated
19   that the Court intended to have somebody appointed as
20   standby counsel and agreed on my behalf to do that.
21   Subsequently, I have been in touch with Mr. Kramer at the
22   Public Defender's office --
23           THE COURT: That was what I was wondering. Okay.
24           MR. BLACK: -- about making that happen. Because
25   Mr. Johnatakis has declined to sign a financial affidavit,

1   so we were at an impasse.  I understand that there has been
2   some additional conversation with Your Honor, but I don't
3   know where things are beyond that.
4           DEFENDANT JOHNATAKIS:  I accept your dishonor,
5   Christopher Black.
6           THE COURT:  I didn't hear that.
7           DEFENDANT JOHNATAKIS:  I accept your dishonor,
8   Christopher Black.
9           THE COURT:  What does "dishonor" mean in your
10  words there?
11          DEFENDANT JOHNATAKIS:  He had a duty not to argue
12  the facts, the law, the jurisdiction, or venue; to request
13  the appearance bond; waiving all public costs; to request
14  the account be closed; and an order of the Court be issued
15  to me immediately; to request to adjust and set off all
16  public charges by the exemption in the court of public
17  policy --
18          THE COURT:  See, you are just talking pure
19  gobbledygook there, Mr. Johnatakis.  That's pure
20  gobbledygook.  That has no relation to what is realistic.
21          DEFENDANT JOHNATAKIS:  Judge --
22          THE COURT:  Does it appear that he has an
23  understanding of the proceedings here?
24          I mean, it causes me to think he needs a mental
25  examination by a competent professional to see if he has any

1  understanding of what is going on here.  He doesn't indicate
2  that to me.  He keeps restating this line of nonsense, legal
3  nonsense, to me.
4              MR. BLACK:  Your Honor, I unfortunately believe
5  that I am bound by attorney-client privilege to not answer
6  the Court's inquiry.  I apologize for that.
7              THE COURT:  Okay.  Mr. Johnatakis, what is it you
8  think you are going to do at trial in front of the jury?
9              DEFENDANT JOHNATAKIS:  Let the record reflect, I
10 have accepted all the offers, presentments, and indictment
11 of the Court and the prosecutors, and I have returned them
12 for settlement and closure.  I would like the order of the
13 Court --
14             THE COURT:  That is nonsense.
15             What are you going to do in front of the jury?
16 Are you going to say that in front of the jury?
17             DEFENDANT JOHNATAKIS:  Your Honor, I am not here
18 to testify.  I am here to get the order of the Court to
19 settle this today.
20             THE COURT:  You are going to stay silent in front
21 of the jury?  What are you going to do?
22             There is going to be a trial.  There is going to
23 be a jury seated here.  What do you think is going to
24 happen?
25             DEFENDANT JOHNATAKIS:  Judge, let the record

1  reflect that I will not argue the facts, the law, the
2  jurisdiction, or the venue.  I am here to settle the
3  charges.
4           Once the fine is assessed, is the matter not
5  settled?
6           THE COURT:  I didn't hear the last line.
7           DEFENDANT JOHNATAKIS:  Once a fine is assessed, is
8  the matter not settled?
9           THE COURT:  There will be no fine assessed.  There
10 will be prison time assessed if you are found guilty.
11          DEFENDANT JOHNATAKIS:  I would like the order of
12 the Court.
13          THE COURT:  The jury will find you guilty or not
14 guilty.
15          DEFENDANT JOHNATAKIS:  I would like the order of
16 the Court.
17          What controversy is there left to adjudicate?
18          I have already accepted all the offers and
19 presentments and indictment of the Court, the Clerk, and the
20 prosecutor.  And the prosecutor and this Court are in
21 dishonor of those presentments.
22          May I please have an order of the Court?
23          THE COURT:  There is no offer for you to accept or
24 not accept other than guilty or not guilty.
25          I thought you entered a plea of not guilty; am I

1    correct?
2             DEFENDANT JOHNATAKIS:  Judge, I am here by special
3    appearance.  I am not here to argue the facts, the law, the
4    jurisdiction, or the venue.
5             I am here to settle the matter.  How can we do
6    that?
7             THE COURT:  The matter cannot be settled.  You go
8    to trial; you either plead guilty or not guilty.
9             A plea of not guilty was entered.  If you want to
10   change that to guilty, you can; otherwise, you go to trial.
11   A jury decides whether you are guilty or not guilty.
12            Assuming we're going to trial, what are you going
13   to do at the trial with the jury?
14            If you can't answer that, then I think you need a
15   mental examination to see if you are not competent to answer
16   that question.
17            DEFENDANT JOHNATAKIS:  I am aware of compelled
18   performance.  But I am not aware of any international
19   maritime agreement or commercial contract bearing my
20   signature that would compel me to acquiesce to your demand
21   for a health examination.  However, if you present one
22   before me, I will follow it to the letter of the law;
23   otherwise, I am here to request a discharge.
24            THE COURT:  All right.  It's my finding that you
25   are not competent at this time to stand trial, that a mental

1  examination is required before I can possibly let you go
2  before a jury.
3           You do not understand what I am talking about.
4  You keep repeating by rote utter, complete nonsense.
5           I will have a professional examination of you and
6  see if a psychiatrist thinks that you have any possibility
7  of understanding the nature of the proceedings against you.
8           Right now I could not allow you to go before a
9  jury and subject you to a trial.
10          DEFENDANT JOHNATAKIS:  Thank you, Judge.  I await
11 the order of the Court.
12          THE COURT:  I will hear the attorneys for the
13 other parties.
14          The motion for Mr. Black to withdraw will be held
15 in abeyance, then.  He has indicated he would be willing to
16 serve as standby counsel if you were ever found competent
17 and able to represent yourself pro se.
18          A person who is incompetent cannot be pro se, so
19 there will have to be a determination about your competency
20 first before we can proceed.  So until you are determined
21 whether or not you are competent to stand trial, your
22 participation in trial would have to be postponed and,
23 therefore, I will hear from the other defendants.  But my
24 inclination at this point would be to sever you from the
25 other two defendants and proceed to trial on the trial date

1     as set with the other two defendants, and your trial will be
2     severed.
3              Mr. Orenberg, do you want to start?
4              MR. ORENBERG:  Thank you, Your Honor.
5              Yes.  I guess, if I understand the Court
6     correctly, my motion for severance from Defendant Bingert,
7     Document 110, is now granted?  Is that where we are?
8              THE COURT:  It would be -- I would sever
9     Mr. Bingert at this time because the likelihood of being
10    able to get a study by a psychiatrist and get it back by
11    May 15th is virtually impossible, I think.  A psychiatrist
12    cannot act that quickly.
13             MR. ORENBERG:  Okay.  Ms. Jacob, on behalf of
14    Mr. Sturgeon, filed a motion for continuance of the trial
15    date which I joined, if the Court -- I am asking --
16             THE COURT:  There is no way the trial date can be
17    changed at this stage.  There are too many trials backed up.
18    I didn't see a basis for the motion either, except -- too
19    busy, or something or other.  There weren't other trials
20    that interfered.
21             MR. ORENBERG: Well, I am going to defer to the
22    Court.  If Ms. Jacob wants to chime in here, please do.
23             MS. JACOB:  Yes.  Your Honor, I am happy to --
24             THE COURT:  I don't see any other conflicting
25    trials in there that were set after my trial.

1                    MS. JACOB:  Your Honor, I am happy to be more
2      specific with the Court.  The reason for the motion to
3      continue was for several -- several different reasons.
4                    First, was that we do have a lot of outstanding
5      motions; one has been resolved, it looks like.
6                    But the other issue, Your Honor, is that I do have
7      multiple trials right after this trial setting.  And I
8      understand that --
9                    THE COURT:  This was set last August.
10                   MS. JACOB:  I understand, Your Honor.
11                   There has been an attempt on my part to move or
12     avoid the setting of those other trials; one individual is
13     in custody.  So I would love it if I could try cases back to
14     back, but it is very difficult to properly represent a
15     defendant with multiple trials right back to back.
16                   I understand that we set this back in August, and
17     I apologize.  I have a lot of these trials.  I have
18     non-January 6th trials, and I wish I didn't have so many in
19     combination with each other.  But because of the outstanding
20     motions and this outstanding severance issue, that is why I
21     filed a motion to continue.
22                   The last reason, Your Honor, I also have
23     unavoidable travel.  I can be specific with that.  I hate to
24     bring my personal reasons into this because it's not only
25     about that, but I do have a very close family friend who is

1   getting married on May 20th in the Dominican Republic.  I am
2   in the bridal party.  It was a last-minute wedding; it was
3   not something I knew about even a few months ago.
4           I imagine that this trial will at least take a
5   week, and that is an additional reason, Your Honor.  I
6   understand if the Court does not want to push this trial too
7   far out.  But because of all of those reasons, I just would
8   respectfully ask the Court to consider changing the trial
9   date.
10          THE COURT:  Okay.  The motion is denied.
11          We'll try to work around the timing so you can
12  make that trip, but I cannot grant the motion.  We have got
13  too many other trials scheduled.  This having been set in
14  August, this is not going to be delayed.
15          Are there other motions you want to raise today?
16          MR. ORENBERG:  Your Honor, this is Allen Orenberg
17  on behalf of Mr. Bingert.
18          No, not today.  Will the Court be issuing or want
19  to discuss -- now that we have a firm date, some sort of
20  pretrial schedule and a pretrial trial hearing?
21          THE COURT:  Yes.  See if you can agree on dates
22  for that, and give me a submission within a few days.
23          If you don't agree -- let's say by seven days from
24  today, give me a proposed dates and order -- and a proposed
25  order.  If you don't agree, give me separate ones.

1         I will do an order dealing with the severance of
2    Johnatakis and order the mental exam for him, the competency
3    determination for him.
4         Anything else y'all want to raise today, then?
5         MS. KLAMANN:  Your Honor.
6         MR. BLACK:  I'm sorry.
7         MS. KLAMANN:  Briefly, for the United States.
8         Your Honor, I believe time as to the speedy trial
9    clock has been tolled because of the pending pretrial
10   motions.
11        I would also like to move that time be excluded
12   under the Speedy Trial Act until the trial of May 15th in
13   the interest of justice to allow the parties to continue to
14   prepare for trial.
15        THE COURT:  Any objection by Mr. Orenberg or
16   Ms. Jacob to that?
17        MS. JACOB:  No, Your Honor.
18        MR. ORENBERG:  No, Your Honor.
19        THE COURT:  All right.
20        The order for the competency exam will toll speedy
21   trial for Mr. Johnatakis.
22        All right.  The Court will be in recess.
23        (Whereupon, the proceeding concludes, 3:49 p.m.)
24
25

**CERTIFICATE**

I, ELIZABETH SAINT-LOTH, RPR, FCRR, do hereby certify that the foregoing constitutes a true and accurate transcript of my stenographic notes, and is a full, true, and complete transcript of the proceedings to the best of my ability.

This certificate shall be considered null and void if the transcript is disassembled and/or photocopied in any manner by any party without authorization of the signatory below.

Dated this 30th day of December, 2023.

/s/ Elizabeth Saint-Loth, RPR, FCRR
Official Court Reporter